SOPHIA E. MELLEN *vs.* GEORGE H. MORRILL.

Norfolk. January 21. — May 22, 1879. AMES & SOULE, JJ., absent.

The owner of a building, leased to a tenant who occupies it, is not liable to a person who, in passing along a walk leading from the street to the building, for the purpose of transacting business with the tenant, is injured by falling down an embankment adjoining the walk, although the estate was in that condition prior to the letting.

TORT. At the trial in the Superior Court, before *Pitman*, J the plaintiff offered to prove the following facts:

In February 1877, the defendant was the owner of a dwelling-house in Norwood, which he had let by parol to a tenant, who occupied it for a dwelling-house and market. The walk or path leading from the street to the front door of the building was unsafe and dangerous, and was in that condition prior to the letting of the building, and its condition was known to the defendant. The plaintiff in the night-time, while in the exercise of due care, was passing along this path or walk, for the purpose of calling upon the tenant and settling an account with him, when, in consequence of the dangerous or unsafe condition of the walk, she was precipitated down an embankment about eight feet, and received the injuries complained of.

The judge, by consent of parties, before verdict, reported the case for the determination of this court. If, upon proof of the above facts, it would be competent for the jury to find for the plaintiff, the case was to stand for trial; otherwise, judgment was to be entered for the defendant.

*J. E. Carpenter*, for the plaintiff.

*A. B. Wentworth*, for the defendant.

MORTON, J. It appears that the plaintiff was injured by falling down an embankment adjoining a walk leading from the street to the door of a building owned by the defendant but leased to a tenant. The accident happened in the night-time. There was no defect in the walk itself. It was rendered dangerous, if at all, by the want of a railing, or by the absence of a light or some other warning. The plaintiff can hold the defendant liable only upon the ground that he was guilty of negligence towards her.

The occupier of a building, who negligently permits the building or the access to it to be in an unsafe condition, is liable for an injury occasioned thereby to a person whom he by an invitation, express or implied, induces to enter upon it.   He is liable because it is negligence in him to invite a person to enter upon a dangerous place without proper warning.   *Sweeny* v. *Old Colony Railroad*, 10 Allen, 368.   *Carleton* v. *Franconia Iron & Steel. Co.* 99 Mass. 216.   But the defendant was not the occupier of the land, and did not, expressly or impliedly, invite the plaintiff to enter upon it.   He had leased it to a tenant, and there is nothing to show that he retained any control over the walk, or any right to direct the purposes for which the premises should be used.

The fact that the walk was in the same condition before the demise is not material.   The defendant did not guarantee that the premises should be safe for all the uses to which the tenant might put them.   The tenant alone had the right to determine the purposes for which he would use the premises.   If he used them so as impliedly to invite people to visit them in the night it was his duty to make them safe by a railing, or by a light or other warning.   It was not the duty of the landlord, and indeed he would not have the right, without the consent of the tenant, to do this.

We are of opinion that, upon the facts offered to be proved in this case, if any one is liable, it is the tenant, and not the defendant.   *Leonard* v. *Storer*, 115 Mass. 86.

*Judgment for the defendant.*