MARY A. RYAN, Appellant, *v.* PETER M. WILSON, Respondent.

Defendant, being the owner of a building provided with machinery run by steam power, rented one floor to L. for the purposes of a laundry. Defendant furnished power, which was supplied by means of a revolving shaft. L. put a partition through the room near the shaft. Plaintiff, who was in the employ of L., in attempting to pass between the partition and the shaft, was caught by the latter and was injured. In an action to recover damages for the injury, *held* that defendant was not liable; that the premises having been delivered to the tenant in a suitable condition to serve the purpose for which they were rented, if alterations were required to fit them for safe or convenient occupation by him or his employees, it was his duty, not that of the defendant, to make them.

*Swords* v. *Edgar* (59 N. Y. 28), distinguished.

(Argued December 15, 1881 ; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 16, 1879, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial. (Reported below, 13 J. & S. 273.)

This action was brought to recover damages for injuries alleged to have been sustained through defendant's negligence.

Defendant was the owner of a building in the city of New York, fitted with machinery on each floor, run by steam power; this was furnished by means of a perpendicular revolving shaft extending up through each floor, which was kept constantly in motion, revolving on the upper floor in a journal connected with one of the floor-beams, to which the machinery could be geared when required. Defendant rented the upper floor, which was one large room, to one Little for the purposes of a laundry; said tenant put a partition across the room, near to the revolving shaft. Plaintiff was in Little's employ, and while engaged in her work, in attempting to pass between the partition and the shaft, her clothes were caught by it and she was injured.

Plaintiff offered to show that the ordinary construction of such shafts required that they should be boxed or guarded; that this shaft had no connection with the power used by or rented

to the tenant of the upper floor; that it was capable of being and should have been disjointed in the room below; that the shaft being unguarded was dangerous, which was known to defendant when he rented the premises; that the construction of the building, so far as the shaft and its appurtenances were concerned, was defective; that the shaft being covered with oil in a gummy, sticky state, was on this account not in a safe condition.

All these offers were objected to, and rejected. It did appear that Little's machinery was geared to a horizontal shaft in the room below, which was set in motion by the perpendicular shaft. The court dismissed the complaint on the ground that whatever right of action plaintiff had, it was against the tenant and not against defendant.

*H. Edwin Tremain* for appellant. The owner of property is bound to use ordinary care and diligence to keep his premises in a safe condition for the access of persons who come thereon by his invitation, express or implied, for the transaction of business. (Shearman & Redf. on Negl., § 498; *Indermaur* v. *Dawes*, L. R., 2 C. P. 311.) It was for the jury to say whether an unguarded machine was not a dangerous machine, when left unguarded and in motion, and whether defendant, who controlled it, should not have anticipated just such casualty as did occur, unless some precaution was made to insure safety. (*Mullaney* v. *Spence*, 15 Abb. Pr. [N. S.] 319; *Berge* v. *Gardner*, 19 Conn. 506; *Whirley* v. *Whiteman*, 1 Head, 610; *Railroad Co.* v. *Stout*, 17 Wall. 658; *Ryan* v. *Fowler*, 24 N. Y. 413; *Lotten* v. *Phipps*, 52 id. 354; *Sprong* v. *B. & A. R. R. Co.*, 58 id. 56; *Painton* v. *N. C. Ry. Co.*, 83 id. 7.) An owner transfers absolute possession and control to a lessee, and remains responsible for defects existing when he parted with the possession and control. (*Moody* v. *Mayor*, 43 Barb. 282; *Davenport* v. *Ruckman*, 37 N. Y. 568; *Anderson* v. *Dickie*, 26 How. Pr. 107, 117; *Shipley* v. *Thirty Associates*, 101 Mass. 251; *S. C.*, 3 Am. Rep. 346; *Swords* v. *Edgar*, 59 N. Y. 28; *Walsh* v. *Mead*, 8 Hun, 387; 1 Thompson on Negligence,

321–323; *Whalen* v. *Gloucester*, 4 Hun, 28; *Wenzler* v. *McCotter*, 22 id. 61; *Richard* v. *Collins*, 23 Barb. 460; *Eakin* v. *Brown*, 1 E. D. Smith, 43; *Godley* v. *Haggerty*, 20 Penn. St. 387; *Clancy* v. *Byrnes*, 56 N. Y. 135; *Thompson* v. *Gibson*, 7 M. & W. 456; *Grady* v. *Jubber*, 5 B. & S. 78; *Chicago City* v. *Robbins*, 2 Black, 426.) Defendant·was bound to take all reasonable care to prevent the machinery from being a source of danger to those who should use it. (*White* v. *Phillips*, 33 L. J. C. P. 33; *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 548; *Smith* v. *L. D. Co.*, L. R., 3 C. P. 326; *Chametler* v. *Robinson*, 4 Exch. 163; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 366; *Bevier* v. *D. & H. C. Co.*, 13 Hun, 259; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 451; *Bennett* v. *Railroad Co.*, 12 Otto, 585; *Loop* v. *Litchfield*, 42 N. Y. 359; *Langher* v. *Pointer*, 5 B. & C. 549; *Gray* v. *Pullen*, 5 B. & S. 970; *Bower* v. *Peate*, 1 Q. B. Div. 321–328; *McCallum* v. *Hutchinson*, 7 U. C. C. P. 508.)

*Ira D. Warren* for respondent. · Defendant owed no duty to plaintiff, and the latter cannot claim that defendant is liable for the manner in which his tenant used the machinery hired. (*Loop* v. *Litchfield*, 42 N. Y. 358; *O'Brien* v. *Copwell*, 59 Barb. 504; *Flyn* v. *Hotten*, 43 How. Pr. 354; *Robbins* v. *Mount*, 4 Robt. 545; *King* v. *N. Y. C. R.·R. Co.*, 66 N. Y. 181.) The plaintiff could not have maintained this action had she brought it against Little, her employer, having accepted the employment offered by Little with the full knowledge of what this machinery was. (*Gibson* v. *Erie R. R. Co.*, 63 N. Y. 449; *Loonan* v. *Brockway*, 3 Robt. 79; ·*Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 584; *DeGroff* v. *N. Y. C. & H. R. R. R. Co.*, 3 N. Y. Sup. Ct. 255; *Evans* v. *L. S. R. R. Co.*, 12 Hun, 289.) No duty devolved on defendant to see to it that all this machinery was guarded and protected by the tenant. (*Cleves* v. *Willoughby*, 7 Hill, 86; *O'Brien* v. *Capwell*, 59 Barb. 497; *Robbins* v. *Jones*, 15 C. B. [N. S.] 221, 240.) The nonsuit should be sustained on the ground that

the plaintiff was guilty of negligence which contributed to the injury. (*Wilcox* v. *R. R. Co.*, 39 N. Y.; *Bolch* v. *Smith*, 7 H. & N. 736; Shearman & Redfield, § 590.) It was not negligence in defendant not to anticipate what happened. (*Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 426.)

DANFORTH, J. The case seems a very clear one for the defendant. He owned the building in which the plaintiff was injured, but the room where the accident occurred had been rented to one Little, who was then in its possession as tenant. The plaintiff was in Little's employ. Steam power and the use of machinery was furnished by the defendant, but the plaintiff was not harmed while using it, nor by its insufficiency for the purpose for which it was designed. She came in contact with it and was overcome. She did not approach it, or even come upon the premises, at the express, or implied invitation of the defendant, and therefore many of the numerous cases referred to by the learned counsel for the appellant have no application. It is said, however, "that for the purpose for which this floor was to be used, and for which the defendant knew it was to be used, and for which he received compensation for use of it, the defendant did not use the ordinary means of avoiding danger from the shaft to those engaged upon or visiting the premises;"—but it comes to this, that he did not surround the shaft with a guard, or prevent access to it by a railing or other obstacle. Upon what principle was he bound to do so? Because it is said "a man must take care that his property is so used or managed that other persons are not injured." This maxim does not touch the case. The premises were delivered to the tenant in a condition to serve the use for which they were hired, and in this respect they did not afterward fail. The shaft kept its place, performed its revolutions, and in no respect proved inadequate to the service required of it.

If alterations were required to fit the premises for their safe, or convenient occupation by the tenant or his employees, it was his duty, and not that of the landlord, to make them.

One might fall from a window or be set on fire at the grate, when by bars at one or a fender at the other the accident would not have happened, but it would hardly be claimed that the landlord could be made responsible for their absence.. The tenant took the premises as they were, and the plaintiff, going into his service at that place, took the risks of the situation. The landlord could not. be required to change the structure of the premises, except upon some new agreement, nor be made to respond in damages to an employee of the tenant for an injury which, but for that relation, would not have happened. (*Mellen* v. *Morrill*, 126 Mass. 545.)

I have examined the cases referred to by the appellant's counsel, but find none which raise any doubt as to the correctness of the rulings in the court below. The one most insisted upon is *Swords* v. *Edgar* (59 N. Y. 28), but in that, a rule is declared decisive of the present case and distinguishing it from the one then before us. It is there repeated that "a lessor of premises not *per se* a nuisance, but which become so only by the manner in which they are used by the lessee, is not liable therefor."

If there is fault on the part of any one, save the plaintiff in this case, the rule applies here. It was thought not to apply in the case cited, because the pier then in question was so defective and insecure when leased, that the subsequent injury received in the proper use of it, as if sound, was consequent upon its original condition. *Robbins* v. *Jones* (15 J. Scott, 221; 109 Eng. C. L. Rep. 220) goes further and meets the position of the plaintiff, that the defendant is liable because the premises were unsafe when let. There the court held that a landlord who lets a house in a dangerous state is not liable to the tenants, customers or guests for accidents happening during the term. Whether this is a sound rule for all cases may be doubted; but to danger, arising from the arrangement of the premises in question, to employees of the tenant, it may well apply. It is not needful to pursue the inquiry further, for we concur with the courts below in the conclusion that the evidence; whether given or offered, shows no misfeasance or non-.

feasance on the part of the defendant, or any violation of duty toward the plaintiff.

The judgment in his favor was, therefore, right and should be affirmed.

All concur.

Judgment affirmed.