EYRE, *Appellant*, v. JORDAN.

Division One, July 2, 1892.

1. **Landlord:** LEASED PREMISES: VISITOR. A landlord is not liable to a visitor of his tenant for injuries resulting from a condition of the demised premises caused by the tenant only.

2. ————: ————: STAIRWAY: NUISANCE. A short stairway, leading to a porch, four or five feet above the surrounding yard of a dwelling, to which the porch furnishes the usual entrance, is not a nuisance by reason of the fact that the top step is twelve inches shorter than the other steps of the flight.

3. ————: ————. Where demised property becomes dangerous merely by the manner of its use by a tenant in possession, the landlord is no liable for injuries resulting from such use.

4. ————: ————: OBVIOUS DEFECTS. In the absence of fraud or deceit, a landlord is not liable to his tenant for obvious defects in the premises let, which do not amount to a nuisance.

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Thomas F. Gatts* for appellant.

(1)   The cause of action stated in the petition is distinguishable from that class of cases where it is sought to hold the landlord liable for injuries caused by the buildings becoming in a dangerous condition while under lease to tenants.   The injury complained of is for the negligent and wrongful construction of the dwelling, and the dangerous condition in which it was when rented to Bettis, the tenant, and for this injury it seems to be fundamental that the owner and landlord of the property is liable.   The following authorities seem to support that proposition and make the distinction:   Wood on Nuisances [1 Ed.] sec. 113, p. 114; *Owings v. Jones*, 9 Md. 108; *Learoyd v. Godfrey*, 138 Mass. 315; *Sweeney v. Railroad*, 10 Allen, 373; *White & Co. v. Montgomery*, 58 Ga. 204; *Swords v. Edgar*, 59 N. Y. 28; *Carson v. Godley*, 28 Pa. St. 111; *Scott v. Simons*, 54 N. H. 426; *Donohoe v. Kindall*, 50 N. Y. Sup. Ct. 386; *Curtis v. Kiles*, 153 Mass. 123; *Board v. Valentine*, 57 Hun, 591; *Peil v. Reinhart*, 27 N. E. Rep. 1077; *Kalis v. Shattuck*, 69 Cal. 593; *Pope v. Boyle*, 98 Mo. 530.   (2)   This case does not seek to charge the defendant, as landlord of the premises in question, upon any covenant or contract to keep the premises in repair, but upon the original defective construction of the premises; in other words, because the defendant created and maintained the nuisance complained of, and rented said premises in such dangerous condition.

*Karnes, Holmes & Krauthoff* for respondent.

(1) The authorities relied on by appellant have no application to the facts of this case. The petition charges no fraud, misrepresentation or concealment on the part of defendant concerning the stairway, nor any covenant by him to repair or remedy the alleged defect therein. (2) The rule as to the tenant in cases like this is *caveat emptor. Davidson v. Fisher*, 11 Col. 583; *Jaffe v. Harteau*, 56 N. Y. 398; *Sheridan v. Krupp*, 21 Atl. Rep. (Pa.) 670; *Quinn v. Perham*, 151 Mass. 162. Fraud apart, there is no law against letting a tumble down house. *Robbins v. Jones*, 15 C. B. (N. S.) 221, 240. (3) A guest is only entitled to use a place as he finds it. *Chapman v. Rothwell*, 1 El., Bl. & El. 168; *Indemaur v. Dames*, L. R. 1 C. P. 274. (4) A landlord letting a house in a dangerous condition assumes no duty, and is, therefore, under no liability to persons entering the premises at the invitation of the tenant. *O'Brien v. Capwell*, 59 Barb. 497; *Robbins v. Jones*, 15 C. B. (N. S.) 221.

BARCLAY, J.—Plaintiff became nonsuit in the circuit court because of its ruling denying her a recovery of damages for personal injuries sustained as follows:

Defendant owned a small dwelling in Kansas City, Missouri. It had been let by him to a tenant, Mr. Bettis, and was in possession of the latter, except the basement, which he had sublet to plaintiff's husband.

On a night in December, 1888, about eight o'clock, plaintiff was invited by Mrs. Bettis to come up the front steps leading to a porch or landing at the entrance occupied by the latter. The occasion of this invitation to the premises was that an alarm of fire had just been given, and the machines of the fire department were

passing on a neighboring avenue. The porch commanded a better view of them than did the plaintiff's quarters.

Plaintiff accepted the invitation, passed up the steps and stood awhile with Mrs. Bettis on the porch. The steps were constructed so (to quote from the petition) "that the top step, just immediately below the landing to the porch, * * * extends the entire width of said porch, and from the outside of the steps up to and attached to the building, said top step being in manner, form and appearance constructed the same as any ordinary step is usually made; that the next step immediately below said top step is so constructed that it is over twelve inches shorter than the top step as above described, on the side next to the building or inside of the porch; and the remaining steps from the last one described to the ground are all short in the same manner."

These steps were within the private inclosure or yard, appurtenant to the dwelling, and some fifteen feet from the street. The porch was four or five feet above the level of the surrounding yard and of the walk leading to it.

There was no light upon the steps and the night was dark.

When plaintiff started to descend from the porch, she stepped from the top step into the vacancy at the end of the next lower one, and consequently fell to the ground, a distance of nearly five feet. She sustained severe injuries.

It is alleged that the premises were let to the tenant, Mr. Bettis, in the condition described; and that, for that reason, defendant is liable to plaintiff for the consequences of this misadventure.

I. The only deficiency in the steps in question was in the particular that all the lower ones were twelve

inches shorter than the top step. The landing or entrance to which they led was but four or five feet above the surrounding land, so the number of the steps must have been small. Their condition was obvious to the most casual inspection by daylight.

Such a short flight of stairs so situated could not, by any just process of ratiocination, be found to be a nuisance. The dangerous character which they possessed, at the time plaintiff was injured, arose from the fact that they were then unlighted. Had they been illuminated, so that their condition could be seen and proper use of them made, they would have been harmless in themselves.

Defendant had parted with possession of the premises by letting them to a tenant. He is not, therefore, legally chargeable, on the case stated, with a liability by reason of the darkness in which the stairs were enveloped.

Plaintiff was not using the steps by any invitation, express or implied, of defendant. Any liability for negligence (in omitting to properly light them) that may spring from the invitation she received to come there must rest upon the inviter.

Where things, harmless in themselves, become dangerous merely by the manner of their use by a tenant, in possession, the landlord is not generally called upon to respond for injuries resulting from such use. *Taylor v. Bailey* (1874), 74 Ill. 178; *Ryan v. Wilson* (1882), 87 N. Y. 471; *McCarthy v. Bank* (1883), 74 Me. 315.

The steps were sound and safe enough under proper conditions. Defendant is certainly not responsible for mishaps to his tenant's guest, arising from such a danger as was created by the alleged negligence of the tenant.

II.   Nor is plaintiff's case strengthened by consideration of her relationship to the demised estate as subtenant.

She was not upon the premises of which she was entitled to the possession as subtenant.    The place of the accident was let to Mr. Bettis only.    She was there as a stranger to that tenancy.    But, even had she been the tenant of that part of the building, defendant would not have been liable to her on these facts.    No fraud, deceit or concealment by defendant is charged.    In their absence the fact that part of the front steps were not as wide as the top steps (discoverable by anyone at a glance under a good light) could scarcely be said to create a right of action in the tenant for such an injury to him as is here described, in view of the precedents on this subject.    *Jaffe v. Harteau* (1874), 56 N. Y. 398; *Ryan v. Wilson* (1882), 87 N. Y. 471;. *Quinn v. Perham* (1890), 151 Mass. 162.

In no aspect of the facts do we discern any substantial basis for a recovery by plaintiff.    The trial court took the same view, and, we think, correctly.    The judgment is affirmed.    SHERWOOD, C. J., BLACK and BRACE, JJ., concur.