Filed Dec. 22, 1893.

---

No. 17,076.

### THE STATE *v.* THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

RAILROAD.—*Consolidated Company.—Liability for Penalty Incurred by Lessee of an Extinguished Company.*—A railroad company created by the consolidation of two or more companies, can not be held liable for a penalty incurred by the lessee of one of the companies extinguished by such consolidation.

SAME.—*Notice of Arrival of Trains.—Blackboards.—Statute Construed.— Purpose of Statute.*—The act approved March 9, 1889, requiring notice of arrival of trains, etc., relates to companies operating railways; and an omission to comply with the statute does not involve property rights, but relates to the conduct and management of trains, for the information and accommodation of the traveling public. The owner of a railway, not operating it, is not within the letter or spirit of the act.

From the Floyd Circuit Court.

*A. G. Smith,* Attorney-General, and *W. C. Utz,* Prosecuting Attorney, for State.

*E. B. Stotsenburg* and *S. Stansifer,* for appellee.

HACKNEY, J.—The appellant sued for the recovery of penalties under section 1088, Elliott's Supp.

The complaint alleged that "on the 11th day of May,

1889, and on each and every day from said day the Pennsylvania Company was a corporation, operating a line of steam railroad at the State of Indiana, and in the county of Floyd, said State, to wit, the Jeffersonville, Madison and Indianapolis Railroad, and that afterwards, on the —— day of ———, 18—, the said Jeffersonville, Madison and Indianapolis Railroad, together with other railroads in the State of Indiana, were consolidated pursuant to the statutes of Indiana, and that by such consolidation there was created a new corporation which assumed all liabilities of said Jeffersonville, Madison and Indianapolis Railroad, and has ever since possessed and owned said last named railroad, which new corporation is the defendant" (appellee).

It is further alleged that the Pennsylvania Company incurred the penalties for which recovery was prayed.

The complaint was held sufficient against the appellee's demurrer, and the third paragraph of answer alleged that, prior to said consolidation, the Pennsylvania Company, as lessee from the Jeffersonville, Madison and Indianapolis Railroad Company, "and, in all respects, by virtue of the lease, fully possessed, operated and controlled the entire railroad, including all stations, or depots, to the entire exclusion of said lessor company," and that, in such consolidation, the defendant (appellee) did not assume the alleged liability. This answer was held sufficient upon the appellant's demurrer. By assignments of error and cross-error, these rulings, together with several other rulings, are presented for review, and the conclusion we have reached will render it unnecessary to pass upon such other questions.

The statute, *supra*, provides penalties against "every corporation, company or person operating a railroad within this State," for failures to give black-board no-

tices of the time for the arrival of passenger trains at certain stations.

The complaint charged the liability against the Pennsylvania Company operating the Jeffersonville, Madison and Indianapolis Railroad, and sought to transfer that liability to the appellee by alleging a consolidation of said *railroad* with other *railroads*, "and that by such consolidation there was created a new corporation," the appellee. If we supply the apparent verbal omissions of the words *company* and *companies*, in the allegation of such consolidation, the necessary construction of the complaint would be to charge the appellee, the new company, with the omissions of the Pennsylvania Company operating the railway of the Jeffersonville, Madison and Indianapolis Railroad Company, one of the companies merged into the new company. If we may not supply the omitted words, the answer very clearly presents the same question, namely: Can a company created by the consolidation of two or more companies, be held liable for a penalty incurred by the lessee of one of the companies extinguished by such consolidation?

The appellant's learned counsel treat the question as if the liability were that of one of the companies composing the new company. Without considering whether penal liabilities may be held to attach to the new company composed, in part, by a company incurring such penalties, we have no hesitancy in holding that those incurred by a mere lessee of any such company do not so attach.

The statute, *supra*, properly directs its penalties against companies *operating* railways. The omission is of a duty not involving property rights, but relating to the conduct and management of passenger trains for the information and accommodation of the traveling public. The owner of the railway, not operating it, is not within the

letter of the statute, and we have observed nothing within the spirit of the act to include such owner. Ordinarily, a landlord is not liable for the negligence, and certainly not for the torts, of the tenant. *Deller* v. *Hofferberth*, 127 Ind. 414; *Leonard* v. *Storer*, 115 Mass. 86, 15 Am. Rep. 76; *Ryan* v. *Wilson*, 87 N. Y. 471, 41 Am. Rep. 384; *Shindelbeck* v. *Moon*, 32 Ohio St. 264, 30 Am. Rep. 584; *Mellen* v. *Morrill*, 126 Mass. 545, 30 Am. Rep. 695; *Offerman* v. *Starr*, 2 Pa. St. 394, 44 Am. Dec. 211; *Felton* v. *Deall*, 54 Am. Dec. 61; *Hartfield* v. *Roper*, 34 Am. Dec. 273; Gear's Landlord and Tenant, section 173, note 7.

The rule of these authorities applies to the question before us, and a case is not made for the application of the maxim of *respondeat superior*.

The appellee has cited, in support of the answer, the case of *Ohio, etc., R. R. Co.* v. *Davis*, 23 Ind. 553, where it is held that recovery may not be sustained against a railroad company for personal injuries received while the railroad is in the hands of, and operated by, a receiver. To the same effect are *Bell* v. *Indianapolis, etc., R. R. Co.*, 53 Ind. 57; *State* v. *Wabash R. W. Co.*, 115 Ind. 466, and *Godfrey* v. *Ohio, etc., R. W. Co.*, 116 Ind. 30.

While these cases involve principles not entirely analogous to the question we are considering, they present a much stronger appeal for relief than the case of the appellant.

It is sufficient for the purpose of this case that we hold the third paragraph of answer good, and that the judgment of the lower court, on demurrer of the appellant to said answer and other answers, was proper.

The judgment of the circuit court is affirmed.

Filed Dec. 13, 1893.