## JAMES F. MEADE, Respondent. v. STEPHEN V. MONTROSE, Appellant.

### Kansas City Court of Appeals, June 30, 1913.

1. **LANDLORD AND TENANT: Defective Premises: Liability of Landlord.** Where a person is injured by a defect in the demised premises and such injured person sustains only a contractual relation to the tenant, such as a guest, servant or customer and is on the premises solely in that capacity, the landlord is liable to such third person in so far as he would be liable to the tenant and no further. It is different where the injured person is a stranger to both landlord and tenant and derives his rights by operation of law from the fact that he is a member of society in general.

2. ———: ———: ———. A landlord is not liable to a tenant, and consequently is not liable to a third person sustaining merely a private relation to the tenant, for an injury caused by a defective building leased without representation or warranty of fitness or safety and without contract to repair, unless the defect was a hidden or concealed defect existing at the time the lease was made, and of which the landlord knew or ought to have known, and of the existence of which he did not tell the tenant.

Appeal from Jackson Circuit Court,—*Hon. W. O. Thomas*, Judge.

REVERSED.

*Sparrow, Page & Rea* for appellant.

*Edward J. White, H. H. McCluer* and *Omar E. Robinson* for respondent.

TRIMBLE, J.—Appellant is the owner of a building which he erected and rented to a tenant for a garage. Respondent placed his new automobile in this garage to be cared for by the tenant for hire. Plaintiff claims that in the erection of the building the flat roof thereof was not made strong enough, and no sufficient outlet

Meade v. Montrose.

for rainwater falling thereon was provided. During a rain, the water collected on the roof in such quantities that its weight, together with the insufficient supports to the roof, caused one of them at the rear end of the building to give way, allowing that portion of roof supported by it to fall, damaging respondent's automobile, for which damage this suit is brought. The basis of the suit is the negligent, unsafe and dangerous manner in which appellant built the roof, in that he failed to support it with materials of sufficient strength or number, and built it of poor materials, and so constructed the roof as to cause water from ordinary rainfalls to accumulate and remain thereon, by reason of all which the roof fell. The answer contained a general denial and set up that the rain in question was of such an unusual character as to constitute what is to some minds irreverently termed an "Act of God." The reply denied this and there was no proof thereof. The jury returned a verdict for $425 in favor of respondent.

Appellant insists that, under the facts shown, there is no liability upon him to respondent. In order to properly determine this question we must bear in mind not only the nature and basis of the suit, but also the position and relation sustained by plaintiff to defendant. The suit is one based on negligence, that is, want of ordinary care in the erection of the building. The position occupied by plaintiff is that of a guest, licensee, or customer of defendant's tenant, a man named Flack. There is no privity of relation or contract existing between defendant and plaintiff. The former leased the building to Flack with no representation or warranty that the building was safe nor clause agreeing to keep it in repair.

Whether a landlord is liable for an injury to a third person caused by a defect in the demised premises depends, sometimes, on what the landlord has agreed or undertaken to do in his dealings with his tenant,

and sometimes on the status of such third person. If such third person is a stranger to both the landlord and the tenant, for instance, an adjacent or near by dweller or property owner, or a passer-by on the adjoining highway, then both landlord and tenant may be liable to him for injuries caused by the defective condition of the building. But if the injured person is one who sustains only a private contractual relation with the tenant, and is injured only by being on the premises by reason of that relation, such as a servant, invited guests, licensee or customer of the tenant, then his right to recover damages is ordinarily limited to the tenant, and only within certain narrow limits can that right extend beyond the tenant to the landlord. In such case the rights possessed by the injured person are not those given him by law as a member of the general public, but are those, and only those, accruing to him by virtue of his contract with the tenant. When this is the case, he has no greater rights against the landlord than the tenant has. [Peterson v. Smart, 70 Mo. 34; Burdick v. Cheadle, 26 Ohio St. Rep. 393, 20 Am. St. Rep. 767.]

In the case now before us, the landlord had not agreed or undertaken to do anything with regard to the premises, so that feature of the case is eliminated; and, therefore, all cases in which the landlord in the lease either warranted or represented the premises to be in good condition, or agreed to keep them in repair and failed to do so, or undertook to repair them and did so negligently, are not applicable to the question here presented. Such cases are La Brasca v. Hinchman, 79 Atl. 885, where the landlord undertook to make repairs but made them negligently; Myers v. Russell, 124 Mo. App. 317, l. c. 328; Shute v. Bills, 191 Mass. 433 l. c. 437; Barman v. Spencer, 49 N. E. 9. In the cases where the landlord undertook to repair, he is liable for negligence in doing so as for any other negli-

gent act on his part resulting in injury to another. [1 Tiffany on Landlord and Tenant 660.]

Also, in the case before us, it must be remembered that the plaintiff is not a stranger, such as an adjacent property owner, or passerby on the sidewalk, deriving his rights, by operation of law, from his position as a member of the general public. Consequently the cases wherein a landlord has been held liable to a stranger are not in point. Such cases are Stoetzele v. Swearingen, 90 Mo. App. 589; Gordon v. Peltzer, 56 Mo. App. 599; Hilmes v. Jaidin, 53 Ind. 21; Pickard v. Collins, 23 Barb. 444.

We come then to the question of defendant's liability within the precise limits presented by the facts in this case. The authorities are generally agreed that, in the absence of any representation or agreement to the contrary, there is no implied obligation or warranty on the part of the landlord to the tenant that the premises are habitable or fit for the use to which the tenant intends to put them. [1 Tiffany on L. & T. p. 556; McKenzie v. Cheatham, 83 Me. 543; Jaffee v. Hartean, 56 N. Y. 398; Burdick v. Cheadle, 26 Ohio St. 393; Towne v. Thompson, 68 N. H. 317; Hart v. Windsor, 12 Mees & W. 68; O'Brien v. Campbell, 59 Barb. 497; Cowen v. Sunderland, 145 Mass. 363, 1. c. 364; Dyer v. Robinson, 110 Fed. 99; Grant v. Tomlinson, 138 Mo. App. 222.] It follows from the above rule, and it is established by the authorities cited and others, that the lessee cannot assert a claim for damages against the lessor on account of the condition of the premises at the time of the demise. [1 Tiffany on L. & T. 559 and cases cited.] This rule, however, is subject to an exception that, if there is some hidden defect known to the lessor at the time of making the lease, but which is not apparent to the intending lessee, the lessor is bound to inform the latter thereof, and if he fails to do so, he is liable to

the tenant for injuries arising therefrom. [1 Tiffany on L. & T. 562 and cases cited.]

The same rules apply to persons other than the tenant rightfully on the premises by the tenant's request or permission. In every such case the landlord is liable in so far as he would be liable to the tenant, but no further. [1 Tiffany on L. &. T. 649.] And as regards defects existing at the time of the lease, the general rule is that the landlord is not liable for injuries to the person or property of any person who may thereafter be on the premises. [1 Tiffany on L. & T. 649 and cases cited supra.] The same exception to this rule exists as to hidden or concealed defects or dangerous conditions existing at the time of the lease. But, in order to make the landlord liable for such hidden defects under such exception, it must be shown that they were known to him, or that they were those the existence of which he had reasonable grounds to suspect. [1 Tiffany on L. & T. 651-2.] The statement contained in this last clause does not mean that if the landlord has no reason to suspect concealed defects or dangers, nevertheless he must make an examination in an effort to discover them, or else he will be held liable. It only means that if he had reason to suspect their existence, and did not exercise reasonable diligence to satisfy himself of their non-existence before leasing without mentioning the matter to his tenant, he will be liable. [1 Tiffany on L. & T. 567.] So that the proper statement of the rule is that the landlord will not be liable for concealed defects or dangerous conditions existing at the time of the demise unless he knew of the defects or had knowledge of facts from which he ought to have known, or will be presumed to have known, of them.

Were the defects in the building in the case at bar concealed defects, and if so, did the defendant know of them or have knowledge of such facts as that he must be presumed to have known them?

In the first place it would seem from the testimony, though this is not perhaps very clear, that the supports for the roof could be seen by anyone entering the building.   The roof is described as resting upon these wooden supports, their number and distance apart are given, and the fact is also stated that they were measured.   So that, if they were insufficient to support the roof either in size or number, such fact would not be concealed but would be open to inspection and observation.   Also the fact that there was but one down-spout to carry off the water could be easily ascertained.   Hence there is no affirmative showing on the part of the plaintiff that these were strictly concealed or hidden defects.   In fact, there is an inference that they were not, because when defendant attempted to show that the supports were plainly to be seen, plaintiff objected and was sustained There was no evidence that these supports were rotten, or worm eaten or that they appeared to be more massive than they were.   If there was no deception about these supports, and nothing showing a defective or inferior quality of material composing them, but only that their strength was insufficient or finally proved so, then while such may be said to be a defect and of such character as to be observable to defendant and put him upon inquiry and cause him to be presumed to know of them, they were also such as would give notice to the tenant; and if the tenant could see them and thus had notice of their weakness, the defect was not hidden nor concealed, and defendant is not liable under the authorities.

But, even if it could be said that the defects were hidden, does the evidence show that defendant knew of them or ought to have known of them in such way as to be liable?   In Whiteley v. McLaughlin, 183 Mo. 160, the defect was one of construction, and it was concealed by putty and paint, but the Supreme Court held that, unless the landlord knew of the defect,

he was not liable, and that as there was a total failure of proof that he did know, plaintiff could not recover against him. The following cases hold that to make a landlord liable for injuries resulting from concealed defects in the demised premises, it must be shown that the landlord knew of them at the time the lease was made, or the tenant took possession, and that he failed to inform the tenant of them. [Steeful v. Rothschild, 179 N. Y. 273, l. c. 279; Daley v. Quick, 99 Cal. 179, l. c. 183; Bowe v. Hunking, 135 Mass. 380, l. c. 381; Cowen v. Sunderland, 145 Mass. 363; Minor v. Sharon, 112 Mass. 477; Booth v. Merriam, 155 Mass. 521; Kern v. Mill, 94 Mich. 477; Davis v. Smith, 98 Atl. 630; Anderson v. Hayes, 101 Wis. 538; Moorer v. Parker, 63 Kan. 52; Holzhauer v. Sheeny, 104 S. W. 1034.] And while the landlord is liable for concealed defects of which he has, or ought to have, knowledge, he is not bound to have knowledge of or foresee defective results from facts of which common experience would not warn him and which only a specialist would apprehend. [Cutter v. Hamlen, 147 Mass. 471, l. c. 472; Com. v. Pearce, 138 Mass. 165 l. c. 179.] A landlord is not liable for damages to property in a building caused by the collapse of said building on account of inherent defects in the construction thereof at the time it was rented of which the landlord had no notice. [Franklin v. Tracy, 77 S. W. 1113; Sherman v. Redfield on Neg. (5th Ed.) Sec. 709; Shinkle v. Birney, 68 Ohio St. 328; 18 Am. & Eng. Ency. of Law (2nd Ed.) 218; Smith v. Donnelly, 87 N. Y. Sup. 893.]

There is no proof of concealed defects; but, should it be conceded that there was, there is no proof that the landlord knew of them or ought to have known of them. The evidence in this case shows that the defendant was not a contractor or builder but was engaged in an entirely different occupation. He employed a contractor and builder of thirty years ex-

perience, twenty-five of which was spent in Kansas City; and it was shown that this contractor had erected forty or fifty buildings a year ranging from $500 to $50,000 in cost and many of them having flat roofs as this one had, and that he drew the plans for many of them. Defendant offered to show that he made inquiries as to the contractor's ability and competency to plan and erect the building, and that he received full assurances in this regard and was assured that the contractor was also an architect. But all this was objected to and excluded. He also offered to show that the plans and specifications were in accordance with the requirements of the city in reference to buildings, and that the City Building Inspector inspected the building a number of times and approved the way it was being constructed as being in accordance with the plans required by the City Superintendent of Buildings. But this offer was refused. The case seems to have been tried by respondent as if he were a member of the general public and had been injured by a violation of a public duty owed by the landlord, but, as stated before, respondent does not stand in that relation. His rights are derived from and grow out of his contract with the tenant, and with him alone. Neither is the suit brought on the ground that the landlord had erected a nuisance, but on the theory that he was liable on the ground of negligence, that is, for a want of reasonable and ordinary care in erecting said building. There is a distinction between suits grounded in negligence and those based on the erection of a nuisance. In the latter, negligence is not an essential element and the liability is of the character of an insurer. In the former, the question is whether the required degree of care has been exercised. [Casey v. Bridge Co., 114 Mo. App. 47 l. c. 61.] In the latter liability is independent of negligence. [1 Tiffany on L. & T. 659.] Besides, the principles applicable to nuisances have no operation here in the light of the facts.

Meade v. Montrose.

Complaint is made of certain instructions. It is not necessary to notice them, since the point above discussed disposes of the case. There are no facts shown upon which appellant's liability can be predicated. The case is, therefore, reversed. All concur.