RUBY BURTON, Appellant, v. HARRY ROTHSCHILD.—No. 38466.—173 S. W. (2d) 681.

Division Two, August 27, 1943.

*Charles M. Miller* for appellant.

Clay C. Rogers and Mosman, Rogers, Bell & Conrad for respondent.

WESTHUES, C.—This is a damage suit in which plaintiff asks judgment in the sum of $15,000.00 for personal injuries sustained as a result of a fall on a stairway of defendant's apartment building. The trial court sustained a demurrer to the petition and plaintiff appealed.

The facts, as alleged in the petition, briefly stated are: Defendant Rothschild was the owner of an apartment building three stories in height containing six apartments. A stairway in the center of the building leading to the second and third floors was the only means of ingress and egress. At the second floor there was a short stairway of four steps leading off the main stairway to the rear of the apartments on that floor. The tenants of the third floor had no occasion to use this short stairway. On September [682] 1, 1940, the building was leased by Rothschild to one Marie Roselli, who in turn sub-let the apartments to various parties. Plaintiff rented an apartment on the third floor of the building on February 1, 1941. All the leases were from month to month. Plaintiff's terms of rental included a furnished apartment and also heat and electric lights. Marie Roselli had employed a manager who lived on the first floor of the apartment building. On March 26, 1941, the refrigerator and electric lights in

plaintiff's apartment were out of order. The manager of the building instructed plaintiff to leave her key with a Mr. Ryan, who occupied an apartment on the second floor, so that Ryan could enter the apartment and do the repairing while plaintiff was at work. About 7:00 A. M. plaintiff descended the steps leading from her apartment to the second floor and left the key with Mr. Ryan. On leaving the Ryan apartment plaintiff went by way of the short stairway. She fell on the second step and continued to fall to the main stairway and on down to the first floor causing her serious injuries. The petition alleged that the stairways were constructed of wood and the treads were of a uniform depth of 7¾ inches, except the first step of the shorter stairway which was only 4¾ inches; that as plaintiff descended this stairway she fell on the second step because it was three inches deeper than the first step; that there was no railing on either side of the stairway; that plaintiff had never used these steps before. It was also alleged that the short tread constituted a dangerous trap or pitfall; that defendant had knowledge of its existence and that this condition was there at the time the building was leased by defendant to Roselli.

Respondent briefed two points, either of which he claims to be sufficient to sustain the ruling of the trial court. First, that "plaintiff, being a sub-tenant and invitee of defendant's tenant, has no greater right than defendant's tenant would have had"; second, that the alleged defect, being open and obvious, could have been discovered by an ordinary inspection and therefore defendant is not liable. In respect to the first point appellant contends that plaintiff must be treated as a third party; that the short stairway not being a means of ingress and egress to plaintiff's apartment the relation of tenant has no bearing on the case. Let us assume that the necessity of plaintiff attempting to use the defective stairway did not grow out of the use of her apartment. However, plaintiff went to the Ryan apartment on the invitation or direction of the manager of the building. Her mission was for her own benefit and on business which concerned plaintiff Burton, Ryan the occupant of the apartment of the second floor and the manager of the building. It was the duty of the manager to keep the refrigerator in repair. Plaintiff desired it to be repaired. Ryan was to do the work. The defendant Rothschild was in no way interested. The query then is, what was the status of plaintiff when on this mission? Was she not at least an invitee and must her right of recovery not be the same as if her immediate landlord, in this case Miss Roselli, had met with the unfortunate accident? We think so. The dispute between plaintiff and defendant in their briefs is not as to the law of the case but as to how plaintiff is to be classified. Both parties cited Tiffany's work on Landlord and Tenant. In vol. 1, sec. 96, page 650, the author in speaking of an owner of property makes the following observation:

"He has a perfect right to lease premises in a 'tumbledown' or otherwise dangerous condition, if any person cares to take a lease of them and, as he incurs no liability to the tenant by so doing, so he can incur no liability to persons who go on the premises merely 'in right of' the tenant. Otherwise the tenant, by inviting persons on the premises, could impose liabilities on the landlord to an indefinite extent."

There are cases holding to the contrary, but the rule is supported by abundant authority including cases from this state. See Paubel v. Hitz, 339 Mo. 274, 96 S. W. (2d) 369, l. c. 370 (3-4); Eyer v. Jordan, 111 Mo. 424, 19 S. W. 1095; Meade v. Montrose, 173 Mo. App. 722, 160 S. W. 11, syllabus 1. The same author at page 651 has the following to say:

"To the above rule of exemption of the landlord from liability to third persons on the premises for pre-existing defects, there is one exception, similar to that which exists as regards his liability to the tenant himself. The lessor is liable to such persons rightfully on the premises for injuries caused by defects or dangerous conditions existing at the time of the demise, which, while not apparent to the lessee, were known to the lessor, and of which he failed to inform the lessee."

The defect in the steps, as pleaded in plaintiff's petition, was open and obvious. It was such as we may presume the tenant Roselli would have [683] discovered in her daily routine of attending to the leased premises. Eyer v. Jordan, 111 Mo. 424, 19 S. W. 1095, l. c. 1096 (1); 36 C. J. 205, sec. 875. That being true it was the duty of Roselli and not the duty of the owner to give notice of the defect to all those who entered the apartment under the right of the tenant Roselli. Tiffany's Landlord and Tenant, vol. 1, page 653; 36 C. J. 205, sec. 875; Meade v. Montrose, 173 Mo. App. 722, 160 S. W. 11. Appellant cited Morelock v. De Graw, 234 Mo. App. 303, 112 S. W. (2d) 126, but that case is not in point. There plaintiff was injured on a stairway leading to the second floor where she intended to consult a lawyer. Parts of the building had been rented to various parties but the owner retained control of the common stairway. Of course he was liable for negligence in such a case. He had possession and control over the stairway and had not leased the entire building to any, one tenant. In the case at bar Roselli and not defendant Rothschild had control over the common stairway and in fact the entire building. In Stoetzele v. Swearingen, 90 Mo. App. 588, plaintiff was injured while on a sidewalk because of a defective coal hole. The same is true of the case of Mancuso v. Kansas City, 74 Mo. App. 138. Those cases, cited by appellant, are obviously not in point.

Next appellant seeks to invoke the rule announced in Wood v. Prudential Ins. Co., 4 N. W. (2d) (Minn.) 617, where a defect in an entrance to a beauty shop was involved. The same rule was also announced in Webel v. Yale University, 125 Conn. 515, 7 Atl. (2d)

215, but this case also involved a defect in an entrance to a beauty shop. The opinions in those cases held the defendants were liable because the places of business were of a semipublic character. We find the same rule stated in 36 C. J. 225, sec. 915. But those cases and the rule announced cannot be applied to this case because the apartment building in question was the private home of the tenants living therein. It was not a semipublic place such as a beauty shop, dance hall, theater or any other place of business to which the public generally is invited. We need not express an opinion as to the principle of law announced by the Connecticut and Minnesota courts as it does not control this case. However, the following quotations from the opinions of those cases will demonstrate that they are in fact authority against plaintiff's contention. Note what the Minnesota court said at pages 618, 619 of 4 N. W. (2d):

"There are many assignments of error, but the one determinative of the question of defendants' liability here is whether as urged by plaintiffs, the owner of premises intended to be used and used by the tenant for a public or semipublic purpose is responsible to his tenant's invitees where conditions exist rendering them unfit for the intended purpose; or whether, as contended by defendants, an owner who has surrendered possession to his tenant without an agreement to keep the premises in repair is not liable to the tenant or his patrons, invitees, guests, or servants for injuries received on account of any disrepair or faulty construction not hidden.

"1. No one can deny, nor do plaintiffs, that the general rule is as stated by defendants. Our cases so hold. These are cited in 4 Dunnell, Dig. & Supplement, sec. 5369. They contend, however, that while that is the general rule, like other rules, it is subject to certain exceptions, the one here presented being the rule applicable where premises are leased for a public or semipublic purpose. The trial court adopted plaintiffs' theory in submitting the case to the jury."

The Connecticut court, at page 216 of 7 Atl. (2d), had the following to say:

" 'A lease is, in effect, a conveyance of an interest in the leased premises. There is no warranty on the part of the landlord that they are safe or fit for habitation. The lessee takes exclusive possession of the premises and accepts them as they are. He assumes the risks of any structural defects except such as he could not discern with reasonable diligence, and with a knowledge of which the landlord is chargeable.' White v. DeVito Realty Co., 120 Conn. 331, 334, 180 A. 461, 462; Aprile v. Colonial Trust Co., 118 Conn. 573, 577, 173 A. 237. The reason of the rule 'is that as to obvious risks the tenant by accepting the premises as they appear brings himself equitably within the rule volenti non fit injuria.' Hearn v. E. E. Hilliard Co., 99 Conn. 666, 671, 122 A. 567, 569; Gibson v. Hoppman, 108 Conn. 401,

410, 143 A. 635, 75 A. L. R. 148; Brandt v. Rakauskas, 112 Conn. 69, 73, 151 A. 315. In Hearn v. Hilliard Co., *supra*, we held that this rule of the assumption of risk applied as regards a minor child of the tenant. Newman v. Golden, 108 Conn. 676, 678, 144 A. 467.''

Under the law we must rule that plaintiff had no greater right against Rothschild than the tenant Roselli would have had and therefore the demurrer to the petition was rightly sustained.

The judgment is affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.