DAISY ST. GEMME, RESPONDENT, v. GUSTAVE OSTERHAUS, APPELLANT.*

St. Louis Court of Appeals. Opinion filed May 3, 1927.

1.—**Municipal Corporations—Sidewalks—Openings—Duty of Lot Owner.** A lot owner who maintains an opening in a public sidewalk as an appurtenance, whether constructed by him or not, must exercise reasonable care in keeping it in a reasonably safe condition for use by the public as a part of the sidewalk, and whatever the public safety reasonably requires is the measure of diligence to be exercised by him.

2.—**Landlord and Tenant—Negligence—Opening in Sidewalk—Defective Cover—Pedestrian Injured—Premises Occupied by Tenants—Liability of Landlord.** If a landlord knows, or by the exercise of reasonable diligence would know, that the covering over an opening in a sidewalk is defective, and fails to repair it, he is liable for an injury resulting therefrom to a pedestrian lawfully using the sidewalk and remains liable for injuries so resulting, though the premises be occupied wholly by tenants, if the defective condition existed at the time of the demise.

3.—**Same—Same—Same—Same—Reletting of Premises—Defect in Sidewalk Arising During Prior Tenancy—Liability of Landlord.** If at the expiration of a tenancy, whether with or without actual change of possession, the landlord renews the lease or relets the premises, he will be liable for injuries resulting from a defective condition of the premises then existing, though the defective condition arose during the prior tenancy.

4.—**Same—Same—Same—Same—Defect in Sidewalk Wholly on Landlord's Premises—Liability.** Where a defective condition exists in a sidewalk wholly on the landlord's premises, if such sidewalk is connected with, and apparently forms a part of, the public sidewalk, so as to invite the public to treat and use it as such, even though occupied at the time by tenants under a lease, the landlord is liable for an injury resulting therefrom to a pedestrian lawfully using the sidewalk if the defective condition existed at the time of the demise.

5.—**Same—Same—Same—Same—Evidence—Sufficiency.** In an action by a pedestrian against a landlord for damages for personal injuries caused by falling through a defectively covered opening in the sidewalk on leaving a store occupied exclusively by tenants under a lease, evidence that the defective condition of the covering existed continuously for a period extending from several months prior to the execution of the lease down to the time of plaintiff's injuries, **held** amply sufficient to charge the defendant with knowledge of such defective condition prior to the leasing of the premises, and to render him liable for injuries resulting therefrom, although there was no covenant by defendant to make repairs, hence his demurrer to the evidence was properly refused.

*Corpus Juris-Cyc. References: Landlord and Tenant, 36CJ, p. 241, n. 59, 64; p. 253, n. 47; Municipal Corporations, 28Cyc, p. 1440, n. 39, 42.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Erwin G. Ossing, Judge.

AFFIRMED.

*Frank Coffman* for appellant.

The court erred in refusing the instructions offered by defendant, in the nature of a demurrer to the evidence, at the close of plaintiff's case, and at the close of the whole case:  (a)  Defendant owed no greater duty to the invitee of his lessees, than he did to the lessees themselves.  Degnan et al. v. Doty et al., 246 S. W. 922; Meade v. Montrose, 173 Mo. App. 722.  (b) The premises in question, were exclusively occupied by the lessees of defendant, under a written lease, and there was no covenant by. defendant to make repairs, and the defendant, therefore, owed the lessees no duty to make repairs, or remedy.  And is not liable to either lessees, or their invitees, for injuries occasioned by defects in the premises.  Meade v. Montrose, 173 Mo. App. 722; Degnan et al. v. Doty et al., 246 S. W. 922; Bender v. Weber, 250 Mo. 551; Korach v. Loeffel, 168 Mo. App. 414; Graff v. Brewery Co., 130 Mo. App. 618; Kilroy v. St. Louis, 242 Mo. 79; Dyer v. Robinson, 110 Fed. 99; Stockhous v. Close, 83 Ohio St. 339, 94 N. E. 746; Dawson v. Kitch, 156 Ill. App. 185.  (c) And there is no implied warranty in a contract of letting, that the premises are suitable and safe for the purpose for which they are let. Korach v. Loeffel, 168 Mo. App. 414, 420.  (d) The maxim *caveat emptor* applies and the landlord is under no obligation to deliver the premises to the tenant free from defects, or to discover defects and disclose them to the prospective tenant.  Graff v. Brewery Co., 130 Mo. App. 618; Whittmore v. Pulp and Paper Co., 91 Me. 297; Doyle v. Railroad, 174 U. S. 425; Gately v. Campbell, 124 Cal. 520.  (e) And there is no law, absent fraud, against letting a tumbled down house.  Graff v. Brewery Co., 130 Mo. App. 618; Korach v. Loeffel, 168 Mo. App. 414, 421.  (f) The evidence does not show that the defendant either created the condition, or maintained it.  (g) And the condition existing at the time, even if the defendant had anything to do with it (which we, of course, deny) was not a nuisance.  Kushes v. Ginsberg, 188 N. Y. 630, 81 N. E. 1168.

*Charles M. Hay,* and *Abbott, Fauntleroy, Cullen & Edwards* for respondent.

(1)  There was evidence from which the jury could find that the hole in question was part of the sidewalk, and there was evidence that the covering over the hole was in a defective condition when the premises in question were leased to Mr. and Mrs. Ellis, and the law is well settled that where, at the time of letting, a covering over a hole in the sidewalk is in a defective condition, the landlord is liable for injuries to third persons resulting from such defects. Rose v. Gunn Fruit Co., 201 Mo. App. 262; Stoetzele v. Swearingen,

90 Mo. App. 588; Gordon v. Peltzer, 56 Mo. App. 599; Roper v. Wadleigh, 219 S. W. 982; Fehlhauer v. City of St. Louis, 178 Mo. 646; Security Savings Bank v. Sullivan, 261 Fed. 461; Denver v. Soloman, 2 Colo. App. 534, 31 Pac. 507; Burke v. Schwerdt, 6 Pac. 381; Stephani v. Brown, 40 Ill. 428; Tomle v. Hampton, 129 Ill. 379, 21 N. E. 800 (Aff. 28 Ill. App. 142); Hill v. Hayes, 199 Mass. 411, 85 N. E. 434, 18 L. R. A. (N. S.) 375; Owings v. Jones, 9 Md. 108; Wells v. Ballon, 201 Mass. 244, 87 N. E. 576; Durant v. Palmer, 29 N. J. L. 544; Irvine v. Wood, 51 N. Y. 224 (Aff. 27 N. Y. Super. 138); Hartman v. Lowenstein, 154 N. Y. S. 205, 90 Misc. 686; Posner v. Cohn, 186 N. Y. S. 298, 195 App. Div. 373; Kirchner v. Smith, 207 Pa. 431, 56 Atl. 947; McLaughlin v. Kelly, 230 Pa. 251, 79 Atl. 552; 50 L. R. A. (N. S.) 305; Hill v. Norton, 74 W. Va. 428, 82 S. E. 363, Ann. Cas. 1917 D 489; McIlvaine v. Wood, 2 Handy 166, 12 Oh. Dec. (Reprint) 384.    (2) The rule is the same where the hole is not in the sidewalk proper, but abuts the sidewalk; especially where the covering over the hole is built level with the sidewalk and is connected with the sidewalk, as in this case, so that there is nothing to indicate where the sidewalk ends and the private walk begins.    36 Corpus Juris 243; Benton v. City of St. Louis, 248 Mo. 98; Tomle v. Hampton, 129 Ill. 379, 21 N. E. 800 (Aff. 28 Ill. App. 142); Rose v. Gunn Fruit Co., 201 Mo. App. 262.    (3) Respondent, having been injured as a result of a defect in the sidewalk, is not barred from recovering by the fact that she had previously been upon the premises.    Kirchner v. Smith, 207 Pa. 431, 56 Atl. 947; Denver v. Soloman, 2 Colo. App. 534, 31 Pac. 507.    (4) The lease entered into between appellant and Mr. and Mrs. Ellis did not cover the cellar into which the hole led and there was no evidence which conclusively bound the jury to find that the Ellises had exclusive possession of the cellar.    (5) Appellant reserved the right under the lease to Mr. and Mrs. Ellis to enter the premises to examine the condition thereof and to make such repairs as he saw fit to make; the Ellises did not covenant to make repairs, but covenanted that repairs might be made at their expense.    Accordingly, even if the hole was on the premises and was part of the premises demised to the Ellises, the liability for injuries due to defects in the cover over the hole was upon appellant.

SUTTON, C.—This is an action for personal injuries. The cause was tried to a jury, there was a verdict and judgment in favor of plaintiff for five hundred dollars, and defendant appeals.

Defendant owns a store building located at the northeast corner of Victor Street and Gravois Avenue. Victor Street runs east and west, and Gravois Avenue runs northeast and southwest. The street and avenue intersect each other at an acute angle. The lot on which defendant's building is located lies within the angle thus formed

by the street and avenue. The building is in the form of a trapezium, and fronts southwest towards the vertex of the angle. The front of the building is about six feet wide and is located about ten to eleven feet from the vertex of the angle. Double doors extend across the entire front of the building. This is the main entrance to the building. There are sidewalks on Victor and Gravois along the sides of the building and also along the front of the building. There is an opening in the sidewalk immediately in front of the building about three and one-half feet long and about one foot wide. This opening, it appears, was originally intended to admit light and air to the basement of the building. There was originally an iron grate over the opening, but afterwards the opening was covered by a board. Two iron bars were placed parallel to each other lengthwise of the opening to support the board. The bars rested on rocks at each end of the opening. The defective condition of this covering is responsible for the injuries for which plaintiff sues. On January 24, 1923, the defendant, being then the owner of the premises, leased the same to J. F. Ellis and Flora Ellis by written lease duly executed by the defendant and his wife as parties of the first part and by said J. F. Ellis and Flora Ellis as parties of the second part. The lease provides, *inter alia*, as follows:

"The said parties of the first part, for and in consideration of the rents, covenants and agreements hereinafter mentioned and hereby agreed to be paid, kept and performed by the said parties of the second part, their executors, administrators and assigns, have leased, and by these presents do lease to the said parties of the second part for the term of one year commencing on the first day of February, nineteen hundred and twenty-three and ending on the thirty-first day of January nineteen hundred and twenty-four, the following described premises in the city of St. Louis, State of Missouri, to-wit: The entire store and three living rooms in the rear of the premises known as and numbered 2240 Gravois Avenue, St. Louis, Missouri . . . All repairs and alterations deemed necessary by said lessees to be made at the expense of said lessees, with the consent of said lessors, and not otherwise. And it is hereby covenanted, that, at the expiration of this lease, or the termination of the term hereby created, the said tenement and premises are to be surrendered to said lessors, their assigns or successors, in as good condition as when received, excepting only natural wear and decay, or the effects of accidental fire. . . . The said premises shall be kept in good order and repair, and free from any nuisance or filth upon or adjacent thereto, at the expense of said lessees, and shall not be used by said lessees, or by any person occupying the same in any manner or for any purpose prohibited by any law or ordinance, or by the terms hereof. The said lessors, or their legal representatives, may, at all seasonable

hours, enter into said premises for the purpose of examining the condition thereof, and of making such repairs as lessors may see fit to make. . . . Said lessees will erect fire escapes on said premises at their own cost, according to law, should the city or State authorities demand same. The said premises shall not be used or occupied for any purpose other than that of restaurant and confectionery, without the written consent of said lessors or their legal representatives.''

Plaintiff was injured on June 5, 1923, about nine o'clock in the evening, while the lessees occupied the premises under this lease. Plaintiff went to the store to purchase ice cream. As she was leaving the store, she stepped with her left foot on the board covering the opening in the sidewalk. The board gave way and went down and her left foot and leg went down into the opening, and she was thereby caused to fall, and thus sustain the injuries for which she sues.

One of the witnesses for plaintiff described the defective condition of the covering of the opening in the sidewalk as it existed prior to plaintiff's injury, substantially as follows:

''This grating was loose. I stepped on the grating and noticed that it was loose. This board would move up and down when you stepped on it. It was not firm and solid. The whole thing tipped up and down when I stepped on it. I stepped on the grating when I came in and out of the store. It moved up and down. It was loose and would move up and down when I stepped on it. It would tip over—tip towards the wall—when I put my weight on it. It appeared to be dangerous to me. It looked dangerous. When I stepped on this board, the side next to the wall would go down, and the other side would tip up.''

The evidence tends to show that this defective condition of the covering existed continuously for a period extending from several months prior to the execution of the lease down to the time of the plaintiff's injury, and the evidence was amply sufficient to charge the defendant with knowledge of such defective condition prior to the leasing of the premises. It appears that the sidewalk in front of the building was continuous from the curb on Gravois Avenue to the curb on Victor Street. It was all apparently one sidewalk. There was nothing to mark the property lines in front of the building. The property lines were merely imaginary. The opening in the sidewalk was immediately in front of the main entrance to the building, and the covering over the the opening was about nine inches below the doorstep, so that persons in going into and from the building stepped on the covering. The lessees occupied the rooms in the rear of the premises as living rooms, and occupied the store room, which was at the front of the building, for conducting their confectionery and ice cream business, and used the basement for storing goods that were

not useful. There was a large outside basement door at the side of the building. Shortly after plaintiff's injury, defendant repaired, or assisted the lessees in repairing, the covering over the opening in the sidewalk.

The defendant assigns error here upon the refusal of its demurrer to the evidence. In support of this assignment, defendant urges: (1) That the premises were exclusively occupied by the lessees under a written lease, that there was no covenant by defendant to make repairs, that the defendant, therefore, owed the lessees no duty to make repairs or remedy defects, and is not liable to either the lessees or their invitees for injuries occasioned by the defective condition of the premises; (2) that the evidence does not show that the defendant either created the defective condition, or maintained it; and (3) that the defective condition was not a nuisance.

It is well-settled law that a lot owner who maintains an opening in a public sidewalk as an appurtenance, whether constructed by him or not, must exercise reasonable care in keeping it in a reasonably safe condition for use by the public as a part of the sidewalk. Whatever the public's safety reasonably requires is the measure of diligence to be exercised by him. If he knows, or by the exercise of reasonable diligence would know, that the covering over the opening in the sidewalk is defective, and fails to repair it, he is liable for an injury resulting therefrom to a pedestrian lawfully using the sidewalk. And he remains liable for injuries so resulting, though the premises be occupied wholly by tenants, if the defective condition existed at the time of the demise. So, too, if at the expiration of a tenancy, whether with or without actual change of possession, the landlord renews the lease or relets the premises, he will be liable for injuries resulting from a defective condition then existing, though the defective condition arose during the prior tenancy. The same rule applies where the defective condition exists in a sidewalk wholly on the landlord's premises, if such sidewalk is connected with, and apparently forms a part of, the public sidewalk, so as to invite the public to treat and use it as such. [Hill v. Norton, 74 W. Va. 428; Tomle v. Hampton, 129 Ill. 379; Stoetzele v. Swearingen, 90 Mo. App. 588; Rose v. Gunn Fruit Co., 201 Mo. App. 262, 211 S. W. 85; Fehlhauer v. City of St. Louis, 178 Mo. 635, 77 S. W. 843; Gordon v. Peltzer, 56 Mo. App. 599; Kirchner v. Smith, 207 Pa. 431; City of Denver v. Soloman, 2 Col. App. 534.]

It is manifest that the demurrer to the evidence was properly refused. Degnan v. Doty (Mo.), 246 S. W. 922, Bender v. Weber, 250 Mo. 551, 157 S. W. 570, and Meade v. Montrose, 173 Mo. App. 722, 160 S. W. 11, much relied on by the defendant, are clearly distinguishable on their facts from the case at bar.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.