ELIZABETH MAYER, Respondent, v. ALBERT SCHRUMPF, Appellant.

Kansas City Court of Appeals, March 6, 1905.

LANDLORD AND TENANT: Defective Premises: Personal Injury: Liability for. Where a tenant negligently repairs a damage in the floor of the leased premises resulting from an accident and not from ordinary use, he is liable to a stranger for injuries arising from such repairs.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans*, Judge.

REVERSED.

*C. M. Ingraham* and *R. B. Middlebrook* for appellant.

(1) There is no liability of defendant under the facts shown by the testimony. Especially is this true in view of the fact that by the terms of the tenancy the tenant was to make all repairs, if any should be needed. By no species of reasoning or argument can any precedent be cited for holding defendant liable at common law under these facts, standing out as they do in undisputed prominence in this case, and uncontradicted as they are on the face of this record. Gilliland v. Railway, 19 Mo. App. 417; Hall v. Sherrod, 97 Ill. App. 298; Eastlock v. Board of Health, 52 Mo. App. 999; Ocean S. S. Co. v. Hamilton, 112 Ga. 901; Schwallbach v. Shinkle, 97 Fed. 483; Curran v. Flammer, 62 N. Y. S. 1061; Frolich v. Cranker, 21 Ohio Cir. Ct. 16; Edgar v. Walker, 106 Ga. 454; Kalis v. Shattuck, 69 Cal. 593, 58 Am. Rep. 568; Fleeman v. Hannewell, 163 Mass. 210; Brady v. Klein, 95 N. W. 55; Barman v. Spencer, 49 N. E. 9; Towne v. Thompson, 68 N. H. 317, 46 L. R. A. 748; Harpel v. Fall, 65 N. W. 913.

*Kimbrell & Kimbrell,* for respondent, filed no brief.

JOHNSON, J.—Defendant, when this suit was brought, was the owner of a store building situated on the corner of Seventeenth and Holmes streets in Kansas City. On April 1, 1900, he rented the premises to Charles A. Pilgrim for a period of one year to be occupied as a grocery store. The main entrance to the building was on Seventeenth street but a side entrance from Holmes street was provided. In the letting of the premises, which was verbal, the tenant expressly assumed the duty of keeping them in repair. Some eight months after the beginning of the tenancy—December 9, 1900—plaintiff entered the store at the Holmes street door for the purpose of making some purchases. On

taking the second step after entering, she stepped upon a board recently placed in the floor by the tenant which broke under her weight and caused her foot and leg to project through the opening thus made, resulting in her injury, to recover damages for which she brought this action against the defendant landlord. The trial resulted in a judgment for plaintiff.

The allegations of the petition upon which the cause of action is founded charged in substance that the boards of the floor at the time of the letting were worn thin by long usage and were rotten, decayed and insecure, and not of sufficient strength to support the weight of a full grown person; of which defects and of the dangerous nature thereof, defendant had knowledge, etc.

Plaintiff in her testimony stated: "I noticed it (the floor) was very thin and that a board had been nailed over, which I had stepped on and the board went through with me." The tenant, Pilgrim, testified on plaintiff's behalf that the hole in the floor over which the board had been nailed was made by the falling of a box from a flour platform which occurred but a short time before the accident, and that he had attempted to repair the damage by having a board nailed over the hole.

It is apparent from plaintiff's evidence there was no causal connection between the worn condition of the floor, if it existed at the time of the demise, and plaintiff's injury. The proximate cause was the negligent act of the tenant in repairing the damage resulting from an accident, and not from ordinary use. As between him and the landlord, the tenant was bound to make repairs; and as to a stranger injured upon the premises, the landlord was not liable for the negligence of the tenant. As stated by this court in Gilliland v. Railway Co., 19 Mo. App. 416: "Ordinarily, the rule is that the landlord is answerable for injuries resulting from his own negligence and not for those result-

ing from that of the tenant. In such case the tenant alone is responsible.'' [Mancuso v. Kansas City, 74 Mo. App. 143; Ward v. Fagin, 101 Mo. 672; Eyre v. Jordon, 111 Mo. 424; Thompson on Negli., secs. 1154 et seq.; Shearman & Redfield on Negl., sec. 708 et seq.; Taylor's Landlord & Ten., sec. 175.]

The peremptory instruction prayed for by defendant at the close of the evidence should have been given.

The judgment is reversed. All concur.