THOMAS C. CAMPBELL, Appellant, v. CITY OF CHILLICOTHE.

Division Two, February 6, 1912.

1. **CITIES: Negligence: Sidewalks.** The obligation of a city to keep its streets and sidewalks in repair is not limited to the defects existing in the street. Dangerous ditches, excavations and walls by the side of a sidewalk are within the rule holding a city liable.

2. ————: ————: **Gate Over Sidewalk.** If a gate giving entry to a property-owner's yard in a city was so constructed and used that at times, while no one was passing through or holding it, it would stand open on or across the sidewalk so as to be an obstruction thereto; and if its condition and use in that respect were such that an ordinarily prudent person, responsible for and knowing its condition and use, would have remedied the same, then the city is liable, provided it had notice of that condition, or, by the exercise of ordinary care, could have discovered it in time to remedy it prior to the injury.

3. **INSTRUCTIONS: Evidence: Circumstantial: Defective Gate: Notice to City.** The fact that there was no direct evidence that the defendant city had notice of the position of the gate, does not, when there is circumstantial evidence from which the jury might infer notice, warrant the giving of an instruction "that there is no evidence . . . that the defendant city had any actual notice."

4. **CITIES: Negligence: Evidence: Electric Light.** That the electric street light was not burning, about a block from where plaintiff was injured by a defective gate, was not evidence of negligence on the part of defendant city, but it was proper evidence going to show why plaintiff did not see the obstruction.

5. **INSTRUCTION: No Objection Necessary.** It is not necessary both to object to and except to the giving of an instruction, in order to have it reviewed on appeal. All that is required is that an exception be saved.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED.

*Scott J. Miller* and *Charles M. Miller* for appellant.

(1)  It is negligence to hang a gate so that when open it swings over and on the sidewalk. Decatur v. Hamilton, 89 Ill. App. 561; Bohen v. City of Waseca, 32 Minn. 176; Jerrell v. Wilmington, 56 Atl. (Del.) 379; Berling v. Brooklyn, 120 N. Y. 93; Hume v. New York, 74 N. Y. 264; Mansfield v. New York, 119 App. Div 199; Kelley v. Kansas City, 69 Mo. 102; Barr v. Kansas City, 105 Mo. 550.  (2)  Instruction 7 is erroneous and should not under the evidence have been given.  It was prejudicial to plaintiff and reversible error.  Clark v. Brookfield, 97 Mo. App. 16; Deland v. Cameron, 112 Mo. App. 708; Cropper v. Mexico, 62 Mo. App. 388; Mans v. Springfield, 101 Mo. 613; Sneed v. Salesbury, 94 Mo. App. 429; Huff v. Marshall, 97 Mo. App. 547; Young v. Webb City, 150 Mo. 342; Market v. St. Louis, 56 Mo. 188; Shipley v. Bolivar, 42 Mo. App. 401.

*Frank W. Ashby* and *Frank Sheetz & Son* for respondent.

(1)  If the gate was properly constructed, in reasonably good repair, and afforded, when closed, a reasonably safe sidewalk for public use, it was not a nuisance *per se.* Fehlhauer v. St. Louis, 178 Mo. 635; Stoetzelle v. Swearingen, 90 Mo. App. 588.  (2)  Instruction 7 was proper, as there was no evidence of actual notice, nor was there any evidence from which actual notice could be inferred.  (3)  And plaintiff recognized the fact that to allow him to recover, it was not necessary for him to prove actual notice to the city, and so told the jury by instruction 7, given at his request as follows: "And if the jury further believe, from the evidence, that the city of Chillicothe through its proper officers knew, or by the exercise of ordinary care would have known of the existence of said gate."  So, too, did the court instruct the jury by instruction 8, given on behalf of defendant, which was a proper question for the jury.  Carrington v. St. Louis, 89 Mo. 208; Reedy v. Brewing Ass'n, 161 Mo. 541; Goodman v. Kahoka, 100 Mo. App. 278.

ROY C.—This is a suit to recover damages for personal injuries, tried in the circuit court of Linn county, at Brookfield, on a change of venue from Livingston county.  The verdict being for defendant, plaintiff appeals.

The defendant is a municipal corporation under a special charter, having at the time of the trial a population of about ten thousand.

The facts constituting the negligence are stated in the petition as follows:

"That on or about February 20, 1906, and for a long time prior thereto there was a certain gate (which was about three feet high and three and one half feet long) so hung or fastened to a post or fence so that in

opening said gate or when opened it would swing out over and stand on said street and sidewalk within and upon the east side of Elm street and in front of a house and lot situated and abutting on said sidewalk and street known as No. 823 Elm street in said city. That said gate when so hung or fastened as aforesaid and when open on said street and sidewalk constituted a dangerous obstruction and a nuisance on said street and sidewalk and persons passing thereon were liable to be injured by reason of said gate and obstruction.

"Plaintiff further states on or about February 20, 1906, and for a long time prior thereto that the defendant carelessly and negligently maintained and caused or permitted said gate to be so hung or fastened as aforesaid, well knowing that said gate was dangerous, and that it would be open many times a day and night and when open it would stand out on and over said sidewalk and street and would constitute a dangerous obstruction and a nuisance in and upon said sidewalk and street and that persons passing along and over said sidewalk and street would be liable to be injured thereby, and that said gate and obstruction was negligently and carelessly caused or permitted by said defendant to be and remain in a dangerous and defective condition and to habitually stand open in and on said sidewalk and street for a great length of time prior to and including the 20th day of February, 1906; that the defendant knew, or by the exercise of ordinary care would have known of the existence of said gate and that it was so hung or fastened as aforesaid, and was in a defective condition, and habitually stood open, in and on said sidewalk and street and of the dangerous condition of said sidewalk and street by reason thereof, in time by the exercise of ordinary care to have caused said gate and obstruction to be removed and said sidewalk and street made secure and safe before plaintiff was injured, but carelessly and negligently failed and neglected to do so. ''

The answer is a general denial with a plea of contributory negligence.

Plaintiff was a citizen of Chillicothe, a traveling salesman, and on returning home on the night of February 20, 1906, a dark night with a misting rain, he ran into or against a wooden picket gate in front of the residence of Theodore Carpenter and broke both bones of his leg just above the ankle. The gate was standing more or less open, out on or across the sidewalk. The nearest street light, about a block distant, was out. The gate was about two blocks from the public square and about one block from the plaintiff's residence. The gate, having been removed from its place in the gateway, was rehung sometime in November, 1905; and after being up a few weeks was knocked down or torn down in some way, and after sitting in the yard for a considerable time, was again rehung in its old place, with a strap hinge below and a door-screen hinge with a spring at the top.

Plaintiff's evidence tended to show that it was hung the last time six or eight weeks before the injury, and that the top hinge was broken so as not to hold the gate for a week or more before the injury.

Defendant's evidence tended to show that the last hanging of the gate was a week or ten days before the injury, and the breaking of the top hinge two days before the injury.

Mr. Grace, a member of the city council, passed there on the sidewalk three or four times a day.

There was evidence tending to show that the gate usually stood open, and evidence to the effect that it was kept closed. A witness for defendant testified the gate would naturally lean out if not kept closed; and another testified that the latch would not fasten, but by pulling the gate in between the posts it would remain there tight.

Among other instructions the court gave the following at the instance of defendant:

"2. The court instructs the jury that the fact that the electric light was not burning on the corner of Calhoun and Elm streets at the time the plaintiff alleges he was injured, is no evidence against the defendant of any negligence, and you will not, therefore, consider it.

"3. The court instructs the jury that the city is not an insurer or warrantor of the condition of its sidewalks; nor is every obstruction thereon actionable, though it may have caused the injury sued for. And though you may believe from the evidence that the gate in question did, when open, swing over the line of the sidewalk, still, a property owner abutting on a sidewalk has a right to make a proper and reasonable use thereof, as long as such use is consistent with the easement of the public to pass over it. Therefore, if you believe from the evidence that the gate in question, when closed, afforded a reasonably safe sidewalk for public use, you cannot find for plaintiff because of the fact that said gate did, when in a proper condition of repair and opened for the purpose of enabling persons to pass in and out of the premises, opened and swung outward and partially across the sidewalk at a point where the injury is said to have occurred.

"7. The court instructs the jury that there is no evidence in this case that the defendant city had any actual notice that the gate mentioned in the evidence was standing upon or over the sidewalk.

"8. The court instructs the jury that if they believe from the evidence that the gate mentioned in the evidence was put in place on February 13, 1906, then before the plaintiff can recover in this case, he must show to your satisfaction by a preponderance of the evidence not only that the gate was standing or hanging over the sidewalk after that date; but, also, that said gate was so standing open over said sidewalk a sufficient length of time prior to the accident that the

defendant by the exercise of ordinary care, could have discovered the same and unless the plaintiff has so shown your verdict must be for the defendant."

I.  The obligation of a city to keep its streets and sidewalks in repair is not limited to the defects existing in a street.  Dangerous ditches, excavations and walls by the side of a sidewalk are within the rule holding a city liable.  [Kiley v. Kansas City, 87 Mo. 103; Bassett v. St. Joseph, 53 Mo. 290; Halpin v. Kansas City, 76 Mo. 335; Wiggin v. St. Louis, 135 Mo. 558.]

In Kiley v. Kansas City, supra, it was held the duty of the city to guard against injuries to persons using a sidewalk by the falling of a dangerous wall standing on the side of the street; and in Franke v. St. Louis, 110 Mo. 16, the city was held liable for negligently permitting the wall of a burned building to stand on the side of the sidewalk with loose stones therein, which fell and injured the passerby on the sidewalk.

It has been very recently held in Massachusetts in Keating v. City of Boston, 92 N. E. 431, that a jury is warranted in finding that a coal-hole cover which when stepped upon will tip up unless fastened, is so likely to be unfastened that a city which used reasonable diligence after it had, or in the exercise of proper care might have had, notice of this condition, would not allow it to be there at all.

If the gate was so constructed and used that at times, while no one was passing through or holding the same, it would stand open on or across the sidewalk so as to be an obstruction to the sidewalk; and if its condition and use in that respect were such that an ordinarily prudent person, responsible for and knowing its condition and use, would have remedied the same, then the city is liable, provided it had notice of that condition, or, by the exercise of ordinary care,

could have discovered it in time to remedy it prior to the injury. In order that a city be held responsible for injury by a falling wall, it is not necessary that the city should know that the wall is falling. It is sufficient that it knows the wall is so liable to fall that ordinary care requires its abatement. So, in this case, it was not necessary that the city should know that the gate was standing open at the particular time of the injury. It was sufficient if the city knew, or, by the exercise of ordinary care and caution, would have known, the condition and use of said gate, in time to remedy the same before the injury. Such being the law, instructions numbered 3 and 8 given for defendant were clearly wrong.

II. Instruction number 7 is erroneous. It is true that, there was no direct evidence of notice, but there was circumstantial evidence from which the jury might infer notice. This same instruction was held reversible error in the case of Clark v. Brookfield, 97 Mo. App. 16.

The evidence as above stated shows that Mr. Grace, a member of the city council, passed several times a day along the sidewalk by that gate, and from that fact the jury might have inferred that the city had notice. Besides, there was other evidence tending to the same effect.

III. Instruction numbered 2 is erroneous. The fact that the electric light was not burning was not evidence of negligence on the part of defendant, but it was proper evidence going to show why it was that plaintiff did not see the obstruction and the jury had a right to consider it for that purpose.

IV. Respondent makes the point that, although there was an exception to the giving of defendant's instructions, there was no objection made to such instructions. It is insisted that under the ruling in

Sheets v. Ins. Co., 226 Mo. 613, the question is not properly before the court. That case was expressly overruled as to that point in Harding v. Railroad, 232 Mo. 444.

The judgment is reversed and the cause remanded. *Bond, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted by the court. All the judges concur.