## SIMON KARP, Appellant, v. JEFFERSON B. BARTON, Respondent.

### St. Louis Court of Appeals, March 5, 1912.

1. **LANDLORD AND TENANT: Injury Suffered on Demised Property: Liability of Landlord.** Where portions of a building are let to several tenants, with part in common for the use of all, the landlord is bound to exercise ordinary care to keep such part in a reasonably safe condition, and for the breach of such duty, causing the death of a child of a person boarding and lodging with one of the tenants, the landlord is liable.

2. **———: ———: ———: Notice of Defects: Sufficiency of Evidence.** In an action against a landlord for the death of the child of a person who boarded and lodged with one of the tenants, caused by a defect in a porch used by all the tenants, evidence that the landlord's agent who had charge of repairs had been notified of the defect and that the defect had existed for two months before the accident, warranted a finding that the landlord had constructive notice of it.

3. **———: ———: ———: Liability to Tenant's Visitors and Lodgers.** The obligation of a landlord extends the same to those visiting or calling upon members of the tenant's family, as it does to the tenant himself; and so a child of one who boarded and lodged with a tenant had a right to be upon a porch of an upper story of the building, which was used in common by all the tenants, and the parent could recover from the landlord for the death of the child owing to a defect in the porch which the landlord had negligently failed to repair.

4. **NEGLIGENCE: Contributory Negligence: Four-Year-Old Child.** A four-year-old child, who swung his body through a third-story porch banister, while holding to the rail, and thus met his death by falling to the ground, was not guilty of contributory negligence as a matter of law.

5. **———: ———: Negligence of Parent.** In an action under the Damage Act by the father of a four-year-old child, who swung his body through a third-story porch banister, while holding to the rail, and thus met his death by falling to the ground, *held*, there was nothing in the case suggesting such contributory negligence on the part of the father as would preclude his right of recovery as a matter of law.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

REVERSED AND REMANDED.

*Robertson & Robertson, Hattie Greensfelder* and *Arnold Loewenstein* for appellant.

(1) The owner of a building who divides it into several apartments which he lets to various tenants, retaining to himself control of the halls and stairways for the common use of the different tenants and those having lawful occasion to be there, is bound to see that reasonable care and skill are exercised to render the halls and stairways, porches and landings, reasonably fit for the uses which he thus invites his tenants and others to make of them, and is responsible for any injury which his tenants and others lawfully using them, with due care, sustain through his failure to discharge his duty. Responsibility follows control. Lang v. Adv. Sheets, 138 S. W. 698; Marcheck v. Klute, 133 Mo. App. 280; McGinley v. Trust Co., 168 Mo. 257; Herdt v. Koenig, 119 S. W. 56; Leydecker v. Brintall, 158 Mass. 296; Watkins v. Goodall, 138 Mass. 533; Griffin v. Light Co., 92 Am. St. Rep. 520; Burke v. Hulett, 216 Ill. 545; Gleason v. Boehm, 58 N. J. L. 475; Ross v. Jackson, 51 S. E. 578; Smith v. Walsh, 92 Md. 518; Peil v. Reinhart, 127 N. Y. 381; Payne v. Irwin, 144 Ill. 482; Gallagher v. Britton, 73 Conn. 172; Peters v. Kelly, 113 N. Y. S. 357; Shearman & Redfield on Negligence, sec. 710. (2) In the case at bar respondent himself and his agents had actual notice of the defective condition of the porch railing. However, even though he had no actual notice of such a condition of his premises, the law imposes upon him, the owner of such tenement property, that he exercise such care and prudence to discover such defects that should have been seen and corrected. And if such defects have continued a sufficient length of time, as in this instance, for at least five months, then the respondent will be charged with notice thereof. Herdt

v. Koenig, 119 S. W. 56; Udden v. O'Reilly, 180 Mo. 650; Wiggen v. St. Louis, 135 Mo. 558; Shoninger v. Mann, 219 Ill. 242; Ross v. Jackson, 51 S. E. 578; Burke v. Hullett, 216 Ill. 545; Wilcox v. Hines, 100 Tenn. 524; Schwartz v. Monday, 97 N. Y. S. 978; Dollard v. Roberts, 130 N. Y. 267; Lindsay v. Leighton, 150 Mass. 285; Leydecker v. Brintall, 158 Mass. 292; Waterhouse v. Brew Co., 94 N. W. 587; Patterson v. Brewing Co., 91 N. W. 336. (3) A landlord who rents his premises for residence purposes and receives compensation for their use is in duty bound to contemplate all ordinary and reasonable purposes for which same might be used, and that friends of tenants' families might visit them without express invitation, so the obligation of the landlord to exercise reasonable care to keep the common or retained portions of the property in repair extends on the doctrine of implied invitation to such friends who call without express invitation. McGinley v. Trust Co., 168 Mo. 257; Herdt v. Koenig, 119 S. W. 56; Widing v. Ins. Co., 104 N. W. 239; Curtis v. Kiley, 153 Mass. 123; Stern v. Miller, 111 N. Y. S. 659. (4) It is a reasonable characteristic of children to so use porches of a tenement house to play on, which fact has a tendency to establish an implied invitation to use same. Miller v. Peck, 104 Mo. App. 609; Lewright v. Ahrens, 60 Mo. App. 118; Schmidt v. Dist. Co., 90 Mo. 284; Farley v. Byers, 111 N. W. 1023; Widing v. Ins. Co., supra; Car Co. v. Cooper, 46 Am. St. Rep. 216, 40 Ark. 545. Therefore, where one maintains premises, which from their peculiar nature are within the sphere of the "attractive" influence of children, and when this is known or could have been known by the owner, he ought to reasonably anticipate children would use them; respondent should have so anticipated the use of his property. And plaintiff's child was invited on the premises. Berry v. Railroad, 214 Mo. 593; Childress v. Railroad, 126 S. W. 169; Hillerbrand v. Merc. Co., 121 S. W.

326; Porter v. Anheuser-Busch, 24 Mo. App. 1; Light
& Power Co. v. Healy, 13 Am. Neg. Rep. 71; Car Co.
v. Cooper, 46 Am. St. Rep. 216, 60 Ark. 545; Barnes
v. Railroad, 49 Am. St. Rep. 417; Franks v. Oil Co.,
65 S. E. 339; 1 Thompson on Neg., sec. 1024; Shear-
man & Redfield on Neg., sec. 705; Barnes v. Railroad,
49 Am. St. Rep. 417; Pekin v. McMahen, 154 Ill. 141;
St. & L. Co. v. Webb's Adm., 11 S. W. 512.     (5) In
determining whether appellant was guilty of contrib-
utory negligence in permitting his deceased child to
escape from his custody and go upon the defective
premises, it should be taken into consideration whether
appellant exercised that degree of care and watchful-
ness that is reasonable for a parent in like circum-
stances and under surrounding conditions.     Cor-
novski v. Tran. Co., 207 Mo. 263; Levin v. Rail-
road, 140 Mo. 624; Czezewzka v. Railroad, 121 Mo.
201; McNown v. Railroad, 55 Mo. App. 585; Winters
v. Railroad, 99 Mo. 509; Railroad v. Raymond, 148
Ill. 241; Feldman v. Railroad, 127 N. W. 687; Tecker
v. Railroad, 111 Pac. 791; Long v. Railroad, 107 S.
W. 203; Murray v. Railroad, 36 Pac. Sup. Ct. 576;
Parotta v. Railroad, 40 Pa. Sup. Ct. 138.

*Jos. Barton* and *Barclay, Fauntleroy & Cullen* for
respondent.

(1)     All three counts of the petition are defective
because proceeding on the theory of attractiveness to
children and failing to allege *scienter* on defendant's
part.     Berry v. Railroad, 214 Mo. 607.     (2)     Even
if, for the sake of argument, we grant that the ab-
sence of the uprights was negligence and that this
absence caused Milton Karp's death, plaintiff cannot
recover because he does not prove that deceased fell
through the uprights which defendant had allowed to
be taken away.     The burden of plaintiff is to show that
the accident was due to defendant's negligence, and,

if from aught that appears, it may have been due to other causes, a verdict should be directed for the defendant. Fuchs v. St. Louis, 167 Mo. 620. (3) The deceased was a trespasser and therefore there is no right of recovery upon any possible combination of facts. The general rule undoubtedly is, that the owner or occupier of land is not bound to take pains to prepare his premises in any particular way, to the end of promoting the safety of children who may come thereon as trespassers or as bare licensees; but that, as in the case of adults, they take the premises as they find them, and if they are killed or injured by reason of the condition in which they find them, this does not give a right to an action for damages. Moran v. Car Co., 134 Mo. 641; Witte v. Stifel, 126 Mo. 295; Schmidt v. Distilling Co., 90 Mo. 284; 1 Thompson Neg. (2 Ed.), sec. 1025. (4) A landlord is not liable for defects existing at the time of letting, and is under no obligation to keep premises in repair. Graff v. Lemp Co., 130 Mo. App. 602; Roberts v. Cottey, 100 Mo. App. 503. In the absence of a contract to repair, there is no obligation to do so. Glen v. Hill, 210 Mo. 296; Vai v. Wells, 17 Mo. 232; Ward v. Fagin, 101 Mo. 673; Zeitig v. Chemical Co., 131 S. W. 132; Coats v. Meriweather, 144 Mo. App. 89; Andrus v. Co., 117 Mo. App. 322. And the obligation to repair is on the tenant from month to month. Deutsch v. Abeles, 15 Mo. App. 398. (5) Plaintiff was guilty of contributory negligence, barring recovery, in allowing a child of such tender years to play on a porch he knew was dangerous. A parent negligence is a bar to a recovery for the child's death, though same would not be imputable to child suing in his own right for an injury. Berry v. Railroad, 214 Mo. 603.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of the wrongful death of his minor son. At the conclusion of the evidence the court

instructed a verdict for defendant and plaintiff prosecutes the appeal.

It appears defendant owns a three-story brick tenement building numbered 1010-1012 North Ninth street in the city of St. Louis. This building is subdivided into several separate apartments or flats which defendant lets to his tenants for residence purposes. Across the rear end of the building and at each story thereof defendant maintains a porch for the accommodation of the tenants. As we understand the evidence, the building runs east and west, and on each floor there is an apartment known as the south flat and one known as the north flat. The porch referred to extends north and south along the east end of the building and it is said to be common to both apartments or flats on that floor. The particular porch involved here is that on the level of the third floor of the building, and but one stairway leads from the porch below to it. The tenants from either the north or south flat of the third floor are required to pass over the same porch and down the same stairway to the porch below, from whence they pass by another stairway to the earth beneath. Neither the porch on the level with the second or third floor is partitioned off as though a portion only was intended for the use of those occupying either apartment, but instead the construction suggests the whole should be used in common by the tenants. Besides the construction of the porches themselves, the record is replete with evidence tending to prove that both the porches at the second and the third floor were common to all of the tenants on those floors. According to the plan of construction, both the porches at the second and third floors are protected by railings or banisters, about three feet in height, which pass from north to south for the full length of the porch which serves the two apartments. These banisters are constructed of pickets which were nailed between the sill and top-

most rail of the banister. The evidence is, that for as much as two months before the day on which plaintiff's child came to his death, a number of these pickets had been dislodged from their place in the banister so that a considerable space for as much as two or three feet wide was open and unprotected.

Plaintiff's wife had died but a few days before, and he, together with his three little children, had taken quarters and board with Mrs. Harr, a tenant of the building, 1010-1012, on the first floor thereof, where he was confined to his room through the observance of mourning rites enjoined by the Jewish faith, to which he is a devotee. On the day in question, his infant son, Milton Karp, aged about four years, went out to play with the children of other tenants and in a short time thereafter came to his death by falling from the porch on the level of the third floor of the same building. The little fellow had gone up stairs in company with Abbie Washour, whose mother lived there, to play. Two other children, plaintiff's child and Abbie Washour were playing on the porch together near where the railing or banister was defective by reason of the absence of the several pickets above mentioned. Plaintiff's son clasped the topmost rail with his hands and was in the act of swinging the weight of his little body through the banister where defendant had suffered the pickets to be negligently removed, when his hold on the banister slipped and he fell to the earth below. From the injuries so received, the child died the following day.

At the conclusion of the evidence for plaintiff, the court directed a verdict for defendant, but upon what theory we are unable to perceive. There can be no doubt that plaintiff made a prima facie case for the jury. Though it be true that ordinarily the landlord is not liable to one suffering injury through his negligent failure to repair the premises after letting, the principle is wholly without influence here, for it never

obtains with respect to common property. The evidence is abundant to the effect that the porch adjacent to the third floor of the building and from which the little child fell to his death is common property used by all of the tenants alike in connection with the tenement they enjoy and over which defendant landlord necessarily reserved, in a measure, the right of control. In such circumstances, where different portions of the same building are let to different tenants with a portion in common for the use of all, there is an implied obligation imposed by the law upon the landlord to exercise ordinary care to keep such common portion of the premises in a reasonably safe condition for such purposes as may reasonably be anticipated to be a proper use of the property for which it is let. As to such common portions of tenement property, the rule proceeds upon the theory that the landlord, not having let it to any one of the tenants, has, of course, reserved control thereof to himself. When an injury results to a third person rightfully upon the premises through the negligence of the landlord with respect to maintaining any portion of such common property, responsibility therefor is entailed against him as a correlative to the obligation and duty to repair. [McGinley v. Alliance Trust Co., 168 Mo. 257, 66 S. W. 153; Herdt v. Koenig, 137 Mo. App. 589, 119 S. W. 56.] Besides it appearing that defendant's agent who had charge of repairs had long since been notified of the defective condition of the porch, it is in evidence, too, that the porch railing had been thus defective for as much as two months theretofore. On this evidence, the jury could, of course, find that defendant had constructive knowledge of the defective condition of the banister and notwithstanding had negligently failed to observe his obligation to repair it, to the end that it might be reasonably safe. That plaintiff's son was rightfully upon the premises no one can doubt, for he with two other children had gone

upon the third story porch to play with Abbie Washour whose mother was the tenant in the apartment adjacent and appurtenant in part to which was the defective porch. As it is within the reasonable intent of a demise of residence property the tenant may enjoy the social calls of the family friends, no one can doubt that the obligation of the landlord extends the same to those socially visiting or calling upon members of the tenant's family, as. it does to the tenant himself. [Herdt v. Koenig, 137 Mo. App. 589, 596, 119 S. W. 56; Henkel v. Murr, 38 Hun (N. Y.) 28.]

The mere fact that plaintiff's little son swung his body through the third story banister while holding to the rail and thereby came to his death is not sufficient to preclude a right of recovery as a matter of law on the score of contributory negligence on the part of the child. Obviously the question requires no discussion. [See Holmes v. Mo. Pac. R. Co., 190 Mo. 98, 88 S. W. 623.] We see nothing in the cause suggesting such contributory negligence on the part of the plaintiff father as would preclude his right of recovery as a matter of law. In all its aspects, the case is one for the jury. The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.