# OCTOBER, 1937.

LAURA MORELOCK, RESPONDENT, v. R. X. DEGRAW, APPELLANT.—112 S. W. (2d) 126.

Kansas City Court of Appeals. December 6, 1937.

*Owen & Thurlo* for appellant.

*H. K. West* and *Walter Hotaling* for respondent.

REYNOLDS, J.—The defendant appeals from a judgment of $500 rendered against him in favor of the plaintiff in the Circuit Court of Linn County in an action by the plaintiff against him for personal injuries sustained by her as the result of striking her head against a heavy, steel, vault door swinging over a stairway. in a building owned by the defendant in the city of Brookfield, Missouri, while she was ascending the stairway for the purpose of visiting a law office on the second floor of said building, which stairway and vault door were alleged to have been negligently constructed and maintained by the defendant, so as to create an unsafe condition when in use on the stairway.

The theory of the plaintiff as to her right of recovery against the defendant and the grounds therefor fully appear from her petition, which is as follows:

"Plaintiff, for cause of action, states that she and the defendant are both residents of Linn County, Missouri. Plaintiff states that the defendant is the owner of a certain brick building situate at the northeast corner of the intersection of North Main Street with East Brooks Street in the city of Brookfield, Linn County, Missouri. That the first floor was occupied by George Walkup for the purpose of operating a drug store and by John Carlon, insurance agent. That the second floor was occupied by T. P. Burns, Lawyer; C. V. Sidner, Dentist, and Lon R. Owen, Lawyer. That in the office of L. R. Owen, Lawyer, was located certain persons engaged in the handling of the receivership of the First National Bank of Brookfield which formerly occupied the lower floor of the building where the drug store subsequently became located. That said building is approximately twenty-five (25) feet in width and along the north side of the upper floor of said building leading from front to back is a hallway approximately six (6) feet in width through which and over which the public is required to pass as invitees or licensees in visiting the office of T. P. Burns, L. R. Owen and C. V. Sidner. That the entrance to the upper floor of the building is on the south side of said building and opens off of East Brooks Street at a point of about fifteen (15) feet from the rear of said building. That persons entering said building to go from the ground floor to the second floor pass up a stairway which stairway runs from the first floor to the second floor in an approximately northerly and southerly direction. That the lower portion of said stairway is

open on the east or on the right side of the person going upstairs except for a rail or banister. That the left hand side or west side of said stairway is flush with the wall and that in said wall along said stairway is a huge, heavy, bulky safe or vault door. And that some of the fixtures on said vault door protrude so as to offer an obstruction to persons traveling on said stairway. That when said vault door is open or partially open it swings across said stairway offering a dangerous obstruction and impediment to persons using said stairway.

"That said stairway is under the dominion and control of the defendant and is not leased to any person or persons but that the person or persons occupying said building occupy only office rooms and store rooms therein. That said building and stairway and vault or safe door were negligently and carelessly constructed, all with the knowledge of this defendant in the manner above specified. That is, so constructed that the defendant knew or with the exercise of ordinary care could have known that if and when said vault door was left open or partially open that persons using said stairway was likely to collide with said door or portion of said door and become hurt and injured.

"Plaintiff states that on about September 7th, 1935, while entering said building as an invitee or licensee and undertaking to go from the first to the second floor of said building, using said stairway and while exercising ordinary care on her part, she ran into and collided with said heavy vault door which was at the time left open or partially open, injuring herself. That she violently struck her head against said door which said blow and collision resulted in the following personal injuries, to-wit: . . ."

Here follow a detailed statement of her injuries and the nature and extent thereof and a statement that they are permanent, followed by the prayer of the petition, which it is unnecessary to set out at this point.

To the plaintiff's petition, the defendant filed a demurrer, alleging as grounds therefor that the petition failed to state facts sufficient to constitute a cause of action against him. Upon this demurrer being overruled by the court, he filed an answer admitting that he owned the building in question; that a stairway existed for the use of tenants occupying upper rooms in said building; that, on the west side of the stairway, there was a vault constructed by a former bank tenant on the lower floor, with a door flush with the wall opening therein from the stairway, which opened out into the stairway and which, when fully opened, rested against the wall in the stairway. The answer denies that such vault was under the dominion and control of the defendant but alleges that it was under the sole and exclusive dominion and control of tenants in the building. It further makes general denial and incorporates a plea of contributory negligence upon the part of the plaintiff.

The cause was tried before the court and a jury on June 23, 1936, at the June, 1936, term of the court.

The evidence tends to show the following state of facts:

The defendant was the owner of a two story business building in the city of Brookfield, Missouri, which was at the time of the plaintiff's injury let to various tenants. The lower floor was let to an insurance agency and to the proprietors of a drug store. The upper floor was cut into office rooms which were let by the defendant to certain occupants thereof. The upper floor and the offices thereon were reached by a stairway at the east end of the building, from the street on the south side of the building. The building faced on Main Street. This stairway proceeded north to a landing and turned west, connecting with a hallway leading to the various rooms on the second floor occupied as offices. Certain of these office rooms were occupied by a dentist, Dr. Sidner; others by Lon R. Owen, a lawyer; and still others by T. P. Burns, a lawyer. Just as the landing is approached on the stairway, on the left thereof, a large vault opened through the left wall with a heavy, steel door about two and one-half to three feet in width and about five feet in height, which, when closed, was flush with the wall but from which projected a knob or handle extending outward a distance of about one to one and one-half inches. The door opened to the south over the stairway. When opened, it could be rested against the wall and flush therewith, except for its thickness and the knob thereon. When not thrown back flush with the wall, it rested to the south along the stairway as it ascended and formed an obstruction in or over the stairway.

The plaintiff at the time of her injury was ascending the stairway for the purpose of visiting the office of Lon R. Owen on business with him or his office. It was the first time that she had ever been up such stairway, and she was unacquainted with the conditions therein. She did not know of the vault or the door which opened or was swinging out into and over the stairway space. She testified that her head struck the projecting door and that she never saw it or knew that it was there until she struck it. She testified that, as she was ascending the stairway, she was looking at the steps to see where she was stepping and was not looking above her for the door or other obstruction.

The evidence tends to show that a former tenant of the lower floor of the building (the Linn County Bank) built the vault and the door therein for its own purpose and that, at the time of the plaintiff's injury, the vault was being used by the receiver of the First National Bank, in liquidation (which bank had succeeded the Linn County Bank in the occupancy of the lower floor when that bank ceased operation) for the purpose of depositing important papers belonging to the bank and to former customers of the bank therein. Such receiver, at the time of the plaintiff's injuries, shared with Mr. Owen the occupancy of his office. Such lower floor had at the time of the

plaintiff's injury been vacated by the bank, and it was occupied by a drug store and an insurance agency. The receiver paid no rent for the use of the vault but occupied it by consent or, at least, without any objection from any source. At the time of the plaintiff's injury, the receiver or his assistant had just opened the door and entered the vault for the purpose of getting some papers therein. Witness Jones, who was with the assistant, testified that the door had been thrown flush with the wall, except for its thickness and the knob or handle thereon. The plaintiff, however, testified that the door was standing at an angle or about two-thirds out from the wall and over the stairway. The door was so constructed that it could only open over and down the stairway. The evidence tends to show that the plaintiff was painfully and seriously injured by reason of her contact with the door and that her injuries are of a serious and permanent character. It also tends to show that no part of the hallway was rented by any of the various tenants in the building; that the stairway was maintained therein by the defendant as a common stairway for use by the tenants and others entering the building with the purpose of reaching the second floor or any office thereon; and that the defendant retained the exclusive possession and control thereof.

At the conclusion of the plaintiff's evidence, the defendant requested an instruction in the nature of a demurrer. This was refused. Again, at the close of all the evidence, such an instruction was requested and refused.

At the conclusion of the evidence, the defendant requested the following instructions, which were refused:

"B. The court instructs the jury that under the law and the evidence in this case, your verdict must be for the defendant."

"C. The court instructs the jury that if you find and believe from the evidence that the injuries, if any, received by the plaintiff on the stairway described in evidence were caused by the act of the witness Jones or one Hannah O'Shaughnessy in leaving the vault door described in evidence open over said stairway, and that said injuries, if any, were not caused or occasioned by any defects in the stairs, stair steps or covering of the stairs, then your verdict must be for the defendant."

The cause was submitted to the jury upon instructions for both the plaintiff and the defendant. The jury returned a verdict for the plaintiff in the sum of $500, upon which judgment in accordance therewith was duly rendered, from which judgment so rendered the defendant, after an unsuccessful motion for a new trial, appeals.

## OPINION.

1. The defendant upon this appeal makes three points: (1) That the trial court erred in overruling its demurrers to the plaintiff's petition in that the petition failed to state facts sufficient to con-

stitute a cause of action; (2) that the trial court erred in refusing to give his requested instruction C, which advised the jury that the defendant was not under the law liable for acts of third parties not in his employment, over whom he had no control; (3) that the trial court erred in refusing to give his requested Instruction B at the close of the whole evidence, in the nature of a demurrer to the evidence, for the reason that the plaintiff had neither pleaded nor proven a cause of action.

These points may be considered together.

2. The defendant is sought to be held liable for the plaintiff's injuries by reason of the construction and maintenance of the door over the opening from the vault into the stairway space and the conditions created upon the stairway from the use of the door in entering the vault.

It will be noted that the grounds of negligence alleged in the petition are:

"That said stairway is under the dominion and control of the defendant and is not leased to any person or persons but that the person or persons occupying said building occupy only office rooms and store rooms therein. That said building and stairway and vault or safe door were negligently and carelessly constructed, all with the knowledge of this defendant in the manner above specified. That is, so constructed that the defendant knew or with the exercise of ordinary care could have known that if and when said vault door was left open or partially open that persons using said stairway was likely to collide with said door or portion of said door and become hurt and injured."

The evidence shows that the place where the plaintiff received her injuries was in the hallway of the defendant's building where the stairway in question was situated, of which hallway and stairway the defendant had the exclusive possession and control. His building was rented to and occupied by tenants, some upon the lower and some upon the upper floor. The stairway was intended to be and was used as a common stairway for access to the offices of all the tenants upon the upper floor and was intended for use in common by all such tenants and all persons having business with them or occasion to visit them or their offices. It served alike all the office rooms and the tenants and the occupants of such rooms upon that upper floor. None of the tenants on such floor or occupants of any of the offices thereon or other tenants or occupants of the lower floor had any dominion or control over such stairway, but the dominion and control thereof remained in the defendant as owner.

The stairway had been built by a former tenant of the lower floor of the building, the Linn County Bank, of which the defendant at the time was a stockholder or a director; and he was also at the time the owner of the building. The Linn County Bank passed out of ex-

istence; and the First National Bank followed it as tenant of said floor. That bank has since failed and gone into liquidation and has vacated the lower floor.

3. The law is well settled that, where the owner of a building demises a portion of it to which access is had by way of halls, stairways, or other approaches which are to be used in common with the owner or tenant of other portions of the same premises, the owner, by such transaction, retains as to the tenant of such other portion or portions the possession and control of the undemised premises and that it is his duty to keep them, or to use reasonable care to keep them, in a safe condition for the use of the tenant in the enjoyment of his own possession. This rule extends to an invitee or other person lawfully using such halls, stairways, and other approaches. [McGinley v. Alliance Trust Co., 168 Mo. 257, 66 S. W. 153; Roman v. King, 289 Mo. 641, 233 S. W. 161; Dierkes v. Wolf Swehla Dry Goods Co., 210 Mo. App. 142, 243 S. W. 269; Miller v. Gesser, 193 Mo. App. 1, 180 S. W. 3; Karp v. Barton, 164 Mo. App. 389, 144 S. W. 1111; Herdt v. Koenig, 137 Mo. App. 589, 119 S. W. 56; Andrus v. Bradley-Alderson Co., 117 Mo. App. 322, 93 S. W. 872; 36 C. J., p. 213, art. 890.]

The owner is bound to discharge that duty and in default thereof becomes liable to any one lawfully using such passageways for any injury occasioned by reason of dangerous and unsafe obstructions therein or on, whether placed therein or on by himself or another person where he knew, or with the exercise of ordinary care could have known, of such obstruction by such other person in time to have removed such obstruction before the injury complained of.

4. Ordinarily, it is true that a landlord is answerable for injuries resulting from his own negligence and not for injuries resulting from the negligent acts of others. [Gilliland v. Chicago & Alton Ry Co., 19 Mo. App. 411; Mancuso v. Kansas City, 74 Mo. App. 138; Ward v. Fagin, 101 Mo. 669, 14 S. W. 738, Eyer v. Jordan, 111 Mo. 424, 19 S. W. 1095; Mayer v. Schrumpf, 111 Mo. App. 54, 85 S. W. 915.]

He is not liable for obstructions arising from natural causes or from the acts of other persons which do not in themselves constitute a defect in the passageway itself. It has been held that he is not required to police the hall or stairway to prevent obstructions by tenants or other persons or to prevent negligent or malicious persons not under his control from putting the same in an unsafe condition; but, if he knows or could have known of such obstructions or conditions by third persons, he must use due diligence to remove such obstructions.

5. The plaintiff bases her cause of action upon an alleged breach of duty by the defendant to keep the stairway in a reasonably safe condition for use by maintaining thereon a faulty and negligent

construction which, in its use, created upon such stairway a hazard- ·
ous and dangerous condition to persons using the same.

The petition alleges his duty with respect to the stairway and his
breach thereof in the particular above noted. The cause of action
stated in the petition is based on his own alleged negligent act in
maintaining a negligent construction on the stairway for use, which
in its ordinary use (as intended) either by himself or others could
only create a dangerous obstruction upon such stairway with which
persons using such stairway might collide and be injured—of all
which he knew or, with the exercise of ordinary care, might have
known—and is not based upon the negligent act of a tenant or other
person.

The petition states a good cause of action. Where the injury com-
plained of by a third person results from a faulty or defective
construction on premises in possession of the owner or from their ruin-
ous condition or because they contain a nuisance, even though such
nuisance becomes active only by some party's ordinary use of the
same, the owner is liable. Not only so, but he is liable if he has
demised the premises and other persons are in possession thereof
as tenants if such conditions existed in the premises at the time of the
demise. [Fehlhauer v. St. Louis, 178 Mo. 635, 77 S. W. 843; 36 C.
J., 325, art. 914.]

The petition in this case charges that the defendant as owner was
alone in possession of the stairway upon which the plaintiff was in-
jured.

6. The contention of the defendant that he never built the vault
with the door therein opening over the stairway but that the same
was built by a former tenant (the Linn County Bank), occupying
the lower floor of the building, can not avail him. That he was un-
acquainted with the combination lock in the vault door and had
never opened the door in the vault in question is immaterial, under
the facts in this case. The evidence shows that he was a stockholder
or director of the Linn County Bank at the time that the vault was
constructed by such bank and that it was constructed in his building
which he at that time owned. It must have been with his consent
and approval.

The original tenant, who built the vault, long since quit business,
liquidated, and vacated the premises. The lower floor was afterward
leased by the defendant to the First National Bank, which has since
failed and gone into liquidation and vacated the floor. The evi-
dence shows that, since vacation by the First National Bank, the lower
floor has been leased by the defendant to a drug store and an insur-
ance agency; but it does not show that the vault was leased to them
or other persons.

7. It is denied that the defendant is in possession of the vault,
either personally or through tenants; and it is contended that he

has never rented the same to any one. It is immaterial whether he is in possession of the vault or whether he has rented it to any one. The plaintiff was not injured in the vault. She was injured upon the stairway while the same was in the possession and control of the defendant, where his duty to her arose. That is undisputed. It was his duty to keep it in a reasonably safe condition for use. The record shows that, at the time of the plaintiff's injury, the vault was being used by the receiver of the First National Bank, in liquidation, for the purpose of storing valuable papers therein, belonging to said bank and former customers of said bank. This receiver was not a tenant of the defendant and paid no rent for the use of the vault but occupied space in the office of Mr. Owen, one of his attorneys, for the transaction of his business as receiver of the liquidating bank. This arrangement was wholly with Mr. Owen. It was not shown that he paid rent either to Mr. Owen or to the defendant for the space which he occupied in Mr. Owen's office. The defendant says that he had no connection with or control over him or his assistants. It is not apparent that he had no control over him. As owner of the building, he had control of that part thereof which he had not rented to others and control sufficient of the receiver and his assistants to have had them ousted from the possession and use of the vault and to have stopped their practices so far as they related to the vault and the vault door.

The vault in question had been built in the first floor of the building, the east wall of which vault extended upward along the west side of the stairway in question from the entrance into the building from the street and formed the west wall of that part of the stairway. About one-half way up said stairway, the vault door was mounted into the west wall, which door when closed was even with the surface of the wall, with the exception of the handle protruding therefrom about one or one and one-half inches into the hallway space and some two or three feet above the stairway. The vault door is approximately two and one-half to three feet wide and five feet high and one and one-fourth inches thick. It opens outward across the stairway and over and down the stairway. When fully opened and thrown back against the wall, it still extends over the stairway some three inches from the wall. The stairway was about six feet in width. The door could only be opened out and over the stairway, so that one ascending the stairway on the left side thereof could collide with the lower corner or outer edge thereof.

The receiver of the liquidating bank had been using the vault and the vault door thereto for a number of years, of which both the defendant and his agent in charge of the building had full knowledge. The receiver and his assistants opened the vault door for the purpose of entering the vault from the stairway on numerous occasions daily. They deposited the papers of the bank therein each evening

and took them out each morning. They entered the vault numerous times each day to get papers belonging to customers who called with reference to them. The defendant and his agents had both actual and constructive knowledge of the conditions created upon and over the stairway by the opening of the vault door for the purpose of entering the vault. Not only so, but they knew that the only means of entrance thereto from the stairway was by opening the vault door over the stairway, forming an obstruction over the passageway. The defendant knew of the use to which the vault and the vault door were being daily subjected and the conditions on the stairway created thereby. He knew that many persons were daily lawfully using the stairway in going to and from the offices on the upper floor. He never undertook to correct the conditions created thereby or to remove the vault door and close up the opening between the stairway and the vault or to cause the vault door over such opening to be permanently closed so that no one could open it. The only thing that he ever did, so far as the record shows, was to give instructions that the vault door be kept closed; but he never saw to it that it was closed and kept closed and not used.

8. The evidence in this case shows that the plaintiff was unacquainted with the stairway at the time of her injury. She had never been up the stairway before. She knew nothing about the vault or its construction or its opening into the stairway or of the door enclosing it or the use that such door was being put to by various persons or of the condition that its use created in such stairway by its being opened and swung back over and down the stairway.

At the time that she ascended the stairway, a Mr. Bailey, her mother, her sister, and her brother-in-law accompanied her. They walked up the stairway together, three of them practically side by side, the plaintiff evidently on the left side near the wall in which the vault door was mounted and from which it stood open, protruding out into the hallway—just how far out, the evidence does not accurately show. The plaintiff testified that it stood at an angle of about two-thirds from the wall. She testified that she never noticed the door until after she struck it with her head; that she did not know that it was there until after she struck it; and that she was not looking upward for it but was watching her steps on the stairway. The entire stairway was six feet in width so that, with three persons walking practically abreast, the left must have been near the wall; and the door would not necessarily have had to be projected very far out for one to strike it. In fact, the plaintiff could have struck it with its face against the wall for even then, when so thrown back, its sharp corners and edges projected into the hall three inches and over, the length of the knob thereon and the width of the door itself.

9. It is immaterial that the defendant was not present at the time of the plaintiff's injury or even in the city of Brookfield at that time or that he had not opened the door himself or left it open at the particular time of the injury and did not know that it was open or that the plaintiff was in use of the stairway, at that time. He knew of the construction in the wall on the side of the stairway and knew that the door over the entrance of the vault from the stairway was being constantly subjected by some one to the use for which it was intended—that of being opened and turned back over the stairway in order to enter the vault. He knew of the condition that was thereby created in the stairway and knew that such condition was likely to work to the injury of some one, for he must have known that such condition should not exist if he gave instructions that the door at all times be kept closed.

By way of analogy—In order that one may be held liable for injury by a falling wall, it is not necessary that he should know that the wall is falling at the time that some one is injured thereby. It is sufficient that he knows that the wall is liable to fall to the injury of some one and that ordinary care required its abatement. Applying that rule to this case, if the defendant by the exercise of ordinary care and precaution could have known that the conditions on the stairway created by the use of the door in swinging it open over the stairway obstructed the stairway and was dangerous to persons using the same in time to have remedied the same before the plaintiff was injured thereon, he is liable. That he did know this, there is evidence tending to show.

10. While the rules regulating the duty of a city to persons using a pavement may not be the same throughout as those regulating the duties of the landlord or owner of a building with respect to people using passageways therein under his control, yet they are the same insofar as requiring the exercise of ordinary care by both the city and the landlord or owner concerning the one to keep its sidewalks in a reasonably safe condition of repair for the safety of travelers thereon and the other to keep passages, halls, and stairways in his building in a reasonably safe condition for use by those lawfully using the same.

In the case of Campbell v. Chillicothe, 239 Mo. 455, 144 S. W. 408, where an abutting property owner had allowed a gate in his fence along the side of the pavement to become loose at the upper end thereof, so that it could not be held in place and was permitted thereby to swing out across the sidewalk, where one using the sidewalk contacted therewith and was injured, it is said (l. c. 461 and 462 of 239 Mo.):

"If the gate was so constructed and used that at times, while no one was passing through or holding the same, it would stand open on or across the sidewalk so as to be an obstruction to the sidewalk;

and if its condition and use in that respect were such that an ordinarily prudent person, responsible for and knowing its condition and use, would have remedied the same, then the city is liable, provided it had notice of that condition, or, by the exercise of ordinary care, could have discovered it in time to remedy it prior to the injury. In order that a city be held responsible for injury by a falling wall, it is not necessary that the city should know that the wall is falling. It is sufficient that it knows the wall is so liable to fall that ordinary care requires its abatement. So, in this case, it was not necessary that the city should know that the gate was standing open at the particular time of the injury. It was sufficient if the city knew, or, by the exercise of ordinary care and caution, would have known, the condition and use of said gate, in time to remedy the same before the injury.''

11. So in this case, it was not necessary that the defendant should have known that the vault door was standing open over the stairway at the particular time of the plaintiff's injury or that the condition created by the use of the door in such manner existed at such particular time or that the plaintiff was using the stairway at such time. It was sufficient if he, by the exercise of ordinary care and precaution, knew, or should have known, of the use to which the door was being subjected and the condition created over the stairway by such use and knew that such condition amounted to a dangerous obstruction on the stairway and that people were constantly using such stairway. This, there is evidence tending to show he knew or could, by the exercise of ordinary care and caution, have known.

In Thornton v. Union Electric Light & Power Company, 230 Mo. App. 637, 72 S. W. (2d) 161, l. c. 163 and 164, it is said:

''It is elementary law that an act alleged as causing an injury, for which recovery of damages is sought, must be shown to be the proximate cause of the injury to warrant a recovery. This does not mean, however, that the act complained of must be the immediate cause, the direct, or the last or nearest cause in time or distance to the consummation of the injury, but it must be the nearest independent cause which is adequate to and does produce the injury, that is to say, it must be the immediate or direct cause in the sense that it is a cause between which and the injury no new and independent cause intervenes to break the continuity. If, however, the occurrence of the intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original act and the injury. It is not requisite that the person committing the original act could or might have foreseen the particular consequence, or the precise form of the injury, or the particular manner in which it occurred, or that it would occur to the particular person. It is only requisite that in the exercise of due care he could

or might have foreseen or anticipated that some injury might result. In other words, if a person does an act, and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen, and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury.''

12. Whether the construction complained of and the use thereof was unsafe and dangerous and constituted an obstruction upon the stairway and whether the defendant knew, or could by ordinary care have known, that such construction and the use thereof constituted an obstruction over the stairway and that persons using the stairway were liable to be injured and whether the defendant maintained said stairway in a reasonably safe condition for use by those lawfully thereon were questions for the jury. The jury decided all such questions in favor of the plaintiff and against the defendant—in other words, decided that such construction and the use thereof were unsafe and dangerous and constituted an obstruction upon the stairway and that the defendant knew, or by the use of ordinary care could have known, that it was an obstruction and that persons using such stairway were liable to be injured thereon and that the defendant failed to maintain said stairway in a reasonably safe condition for use.

It follows from what has been said that the trial court properly submitted the cause to the jury and that it did not err in refusing the defendant's requested Instructions B and C or in overruling the defendant's demurrer to the petition.

There was ample evidence to support the judgment. It is ordered that it be affirmed. All concur.